NALLIE MAZMANIAN *vs.* JOHN KUKEN.

HAGOP K. MAZMANIAN *vs.* SAME.

ALICE TRUHAN *vs.* SAME.

Essex.   March 8, 1933. — March 26, 1934.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Motor vehicle, In use of way. *Practice, Civil,* Requests, rulings and instructions, Exceptions, Report in district court. *Evidence,* Relevancy. *Words,* "Skid."

At the hearing in a district court of an action of tort for personal injuries caused when an automobile driven by the plaintiff was struck by one driven by the defendant, evidence as to whether the automobile of the defendant skidded on a snowy road and thus caused the accident was conflicting.  The judge found that the defendant's automobile, while going around a curve at the rate of twenty-five miles per hour, with its windshield covered with wet snow, "shot across" to its left side of the road and collided with the plaintiff's automobile.  A request for a ruling that the "mere skidding of the motor vehicle operated by the defendant, with snow upon the ground is no evidence of negligence of the defendant," was refused.  *Held,* that

(1) A finding that the defendant was negligent was warranted;

(2) While the ruling requested was a correct statement of the law, no error harmful to the defendant appeared in its refusal since the record showed that the judge found that the defendant's automobile did not skid as contended by the defendant.

The simple course generally followed by a trial judge hearing an action when he refuses to grant a request for a ruling which is a correct statement of the law but not applicable to the facts, as he on disputed evidence finds them, is to state that reason in connection with his refusal.  Per DONAHUE, J.

At the hearing above described, it appeared that the plaintiff was injured in March, 1931, and had been unable to work thereafter to the time of the hearing.  The trial judge excluded evidence, offered by the defendant, that in the year 1931 there was a depression in business and unemployment in general and particularly in the line of business in which the plaintiff had been employed, and that due to business conditions he could not have worked for a greater part of the time since the accident even if he had been able to work.  There was no offer to show that the extent or results of the depression were different after the injury than before, but only generally as to conditions in the year 1931, and the defendant filed no requests for rulings of law as to the elements which should be taken into account in the assessment of damages.  *Held,* that

(1) The depression in business and unemployment in general in 1931 were matters of common knowledge of which the judge could take cognizance without the production of evidence;

(2) Upon the record, no error appeared in the exclusion of the evidence.

THREE ACTIONS OF TORT. Writs in the Central District Court of Northern Essex; those in the first two actions dated June 19, 1931, and that in the third dated July 30, 1931.

In the District Court, the actions were heard together by *Cavan*, J. Material evidence, and findings and rulings by the trial judge are stated in the opinion. He found for the plaintiff in the first action in the sum of $75; for the plaintiff in the second action in the sum of $3,661.39;. and for the plaintiff in the third action in the sum of $506.75; and reported the actions to the Appellate Division for the Northern District. The reports were ordered dismissed. The defendant appealed.

*E. S. Abbott*, for the defendant.

*W. J. McDonald*, for the plaintiffs Mazmanian.

*J. J. Ryan, Jr.*, for the plaintiff Truhan.

DONAHUE, J. On March 26, 1931, an automobile driven by the defendant collided with an automobile owned by the plaintiff in the first case which was operated by the plaintiff in the second case. The plaintiff in the third case was riding in that automobile as a passenger. For convenience it is hereinafter referred to as the plaintiffs' automobile. The three cases were tried together in the Central District Court of Northern Essex. In each case the judge found in favor of the plaintiff and reported the case to the Appellate Division on his refusal to grant certain requests for rulings filed by the defendant, his denial of a motion that a finding be entered for the defendant and the exclusion of certain evidence offered by the defendant. The defendant appealed from orders of the Appellate Division dismissing the reports.

The trial judge, who took a view of the scene of the accident and of the plaintiffs' automobile, filed specific findings of fact which stated in substance that just prior to the collision the plaintiffs' automobile was being driven in an easterly

direction on the south side of the road which was of concrete construction and about twenty feet wide; that a heavy, wet snow was falling and the road was in a "slushy" condition; that the defendant's automobile, which was being driven in a westerly direction at the rate of twenty-five miles an hour with its windshield covered with wet snow, while going around a curve "shot across" the road from north to south and collided with the plaintiffs' automobile. There was evidence warranting a finding that the defendant's automobile was coming up a grade about fifteen or twenty feet behind another motor vehicle going in the same direction and that at a point forty or fifty feet from the scene of the accident the defendant's automobile swung over to its left on to its left hand side of the road and collided with the plaintiffs' automobile. The evidence justified the findings of fact made by the judge and the further finding that negligence of the defendant caused the collision and that the driver and the occupant of the plaintiffs' automobile were not negligent. The defendant's motion that the judge rule that on all the evidence the plaintiffs were not entitled to recover and that he find for the defendant was properly denied.

The judge denied a request of the defendant for the ruling that "The mere skidding of the motor vehicle operated by the defendant, with snow upon the ground is no evidence of negligence of the defendant." It is true that the bare fact that an automobile skids, taken alone, is not evidence of negligence. *Hennessey* v. *Moynihan*, 272 Mass. 165, 167–168, and cases cited. Here there was evidence that the defendant's automobile did, and evidence that it did not, skid. The simple course generally followed by a trial judge when he refuses to grant a request for a ruling which is a correct statement of the law but not applicable to the facts, as he on disputed evidence finds them, is to state that reason in connection with his ruling of disallowance. See *Holton* v. *Denaro*, 278 Mass. 261, 262–263; *Di Lorenzo* v. *Atlantic National Bank of Boston*, 278 Mass. 321, 325. But there is no reversible error if the ground of refusing a request sufficiently appears elsewhere in the record to show that

no harm has been done. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18. *Schmoll Fils & Co. Inc.* v. *S. L. Agoos Tanning Co.* 256 Mass. 195, 200. The judge here filed special findings of fact including the finding that the defendant's automobile "was going around a curve . . . shot across" the road and collided with the plaintiffs' automobile. This is not the description of a "skid" which has been defined as meaning "that the car when driven slips sidewise on the road, and the rear wheel fails to grip the roadway." *Correira* v. *Boston Motor Tours, Inc.* 270 Mass. 88, 90. We think the record sufficiently manifests a finding of the judge that the car did not skid as contended by the defendant, that this was the ground for the denial of the request and that in the refusal to give the requested ruling there was no reversible error. It is unnecessary in view of what has been said to consider the other requests for rulings which were denied.

The driver of the plaintiffs' automobile had been employed for three or four weeks at the time of the accident which was on March 26, 1931; before that he had been out of work for three weeks, after a period of employment of eight or nine months. On all the evidence he had been unable to work after the accident up to the time of the trial. In his case the defendant offered to prove in substance that "in this year" (which was 1931) there was a depression in business and unemployment in general and particularly in the line of business in which the plaintiff had been employed and that due to business conditions he could not have worked for a greater part of the time since the accident even if he had been able to work. That there was a business depression was indicated in the plaintiff's testimony. At any rate it was a matter of common knowledge and of its existence and its effects on business the judge could take cognizance without the production of evidence. For all that appears that was the ground of the exclusion. The offer was not to show that the extent or results of the depression were different after the injury than before, but only generally as to conditions in the year 1931. The defendant filed no requests for rulings of

law as to the elements which should be taken into account in the assessment of damages. In the circumstances appearing we find no error in the exclusion of evidence.

*Orders dismissing reports affirmed.*