Sullivan, J.
This is an action of contract or tort, in which the plaintiff seeks damages for the burning of his truck which he left in the defendant’s repair shop to be repaired by the latter and it was agreed that the price would be forty dollars.
At the trial the plaintiff elected to seek a finding on his count in contract.
There was evidence that it was necessary that the frame of the truck be welded; the defendant notified the plaintiff that he could not do such work, but would engage the Atlas Welding 'Company to do the welding; that the plaintiff stated it would be all right to engage the latter as he was anxious to get back his truck quickly, that while the welding was in progress, and the defendant was outside the shop, the truck caught fire and was damaged to the extent of three hundred dollars; that at the time no employee of the defendant was working on the truck; that the defendant did *12 not know the eanse of the fire; that the defendant stated the damage to .the track amounted to eighty-two dollars and fifty cents and additional minor repairs would be necessary and he was paid one hundred and twenty-two dollars and fifty cents; that the plaintiff said he paid in addition to the latter sum $100.00 to $150.00 elsewhere for additional repairs due to the fire.
The court denied the following requests of the defendant.
1. At the close of the evidence, the plaintiff waived counts one and two and elected to stand on count three of his declaration which is a count in contract.
2. When an article is left with a general automobile repair man for certain repairs to be made to said article, there exists a contract of bailment for hire.
3. When an article is left with a general automobile repair man for certain repairs to be made to said article, there exists a contract of bailment for hire and the bailee is not liable in case the property is destroyed by fire unless there is evidence of negligence on his part.
4. That the Atlas Welding Company was an independent contractor .
5. No servant of the defendant was working upon the truck at the time the fire occurred.
6. The plaintiff’s auto was left with the defendant in the present case under a contract of bailment for hire.
7. The defendant was not an insurer of the plaintiff’s car during' the time that it was in his possession for the purpose of making repairs on said truck.
8. Upon delivery to the defendant the relationship of bailor and bailee was created. The law is established that the bailee under such circumstances, owes to the bailor the duty to use the degree of care toward the object bailed which a reasonably prudent and careful man would exercise with reference to his own property. Maynard v. Buick, 100 Mass. 40.
9. If the plaintiff was informed that the defendant was not equipped to make a certain repair upon the truck but that he would engage an outside concern to perform the work the plaintiff impliedly assented to *13 the defendant engaging an independent contract (sic), and the defendant is not liable for any negligence on the part of said independent contract (sic) or which may have cansed damage to said truck.
10. There is no evidence of negligence on the part of the defendant which caused the injuries to the plaintiff’s truck.
The court found “that the plaintiff and the defendant entered into a contract whereby the defendant agreed to make certain repairs on an auto truck of the plaintiff and that the defendant failed to make said repairs as agreed upon and that the plaintiff was damaged.”
There was a finding in the sum of one hundred dollars and interest from the date of the writ.
The report contains all the evidence material to the issues involved.
The principle has been laid down by repeated decisions that a trial judge sitting without a jury must correctly instruct himself as to the governing rules of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error. George W. Povey vs. Colonial Beacon Oil Company, Mass. Adv. Sh. (1936) 767, 773. John Hetherington & Sons L’t’d. vs. Wm. Firth Co., 210 Mass. 8, 19. Castano v. Leone, 278 Mass. 429, 431.
It has been further stated that it is the duty of a tribunal charged with the finding of facts to weigh the evidence guided by the correct rules of law. Mass. General Hospital v. Belmont, 233 Mass. 190, 210. John Hetherington & Sons, L’t’d. vs. Wm. Firth Co., supra. Atlantic Maritime Co. v. Gloucester, 228, Mass. 519, 523.
Bequests Nos. 2, 3, 6, 7 and 8 should have been given and their denial constitutes prejudicial error.
In denying requests 2 and 6 which are nearly identical, (the court having found that there was a contract for re *14 páirs,) without giving reasons for such denial, it cannot be said that the court has applied the correct principles of law. There was error in denying No. 7 as it is well known that a bailee for hire is in no sense an insurer of property conunitted to his care. Foster v. Essex Bank, 17 Mass. 479. Stevens v. Stewart-Warner Speedometer Corp., 223 Mass. 44. Hanna v. Shaw, 244 Mass. 57-59.
This is the general,-if not universal rule as applied to such bailments.
- Request No. 8 is- a correct statement of law, as it is in language almost similar to the rule laid down in Rourke v. Cadillac Auto Co. 268 Mass. 8, which states that “The degree of care to be required of one who is intrusted with property of another for reward is not less than that which is to be expected of one who deals with his own property.” Maynard v. Buck, 100 Mass. 40, 47.
It is stated in Mazmanian vs. John Kuken, 285 Mass. 516, 518, that “The simple course generally followed by a trial judge when he refuses to grant a request for a ruling which is a correct statement of law, but not applicable to the facts, as he on disputed evidence finds them, is to state that reason in connection with his ruling of disallowance.” Holton v. Denaro, 278 Mass. 261, 262, 263. Di Lorenzo v. Atlantic National Bank, 278 Mass. 321, 325. See Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297.
The record does not show that the ultimate decisions may not have been due to the erroneous view of law of the trial judge expressed by his denial of the rulings, 2, 3, 6, 7 and 8. Bresnick v. Heath, supra at 2302.
It is unnecessary to discuss the other requests for rulings.
We have examined the cases cited by the plaintiff.
A new trial is ordered.