Jones, P. J.
An action of tort, tried with the companion case No. 1338 of 1938, Municipal Court of the Dorchester District of City of Boston, of Julia Ober against this defendant for personal injuries alleged to have been sustained by plaintiff while both plaintiffs we.re passengers in a street car of the Boston Elevated Railway Company, which was alleged to have been in collision with a truck of the defendant. The only case before us is that of Susan Cohen.
■ Defendant’s answer was, so far as material to this matter, a general denial and that the motor vehicle involved in the alleged accident was not then being operated by and under the control of a person for whose conduct the defendant was legally responsible.
The plaintiffs both testified that they boarded the street car in question at Massachusetts Avenue, bound for Dudley Street, both sitting on the right front seat of the car with their backs to the second or third window; that the street *261 car proceeded southerly down Massachusetts Avenue in the vicinity of Huntington Avenue toward Dudley Street where there was an impact and a resulting loud noise at a point on the street car just at their backs where they were seated, and that they were thrown violently forward and then backward, causing the injuries for which this action was brought; that it was an 11 awful crash”; that immediately after the impact they turned and saw a large red truck speeding by the street car at a very fast rate of speed in a “zigzag” course; that the street car came to a stop almost immediately; that the truck was the only vehicle the plaintiffs saw passing.
The motorman of the street car testified that it was a perfect day, light, and that as he approached St. Botolph Street which crosses Massachusetts Avenue, he heard a “scraping” sound at his rear at about the first or second window on the right side, and that immediately after, a large red truck passed by the street car and continued along without stopping; that the truck bore the registration No. A2426; that the only damage to the street car that he noticed was “some scraping of the grating over the first or second window at the right front of the street car”; that the street car had a capacity of 80 or 90 passengers and there were about 60 passengers in the street car at the time; that he heard no excitement or screams. It was agreed that registration No. A2426 of 1938 was the registration number of a truck of the defendant.
One Berry testified that he was a truck driver, employed by the defendant; that the truck operated by him on or about March 12, 1938 and for some time prior thereto bore registration A2426; that it was a large red truck about twenty feet long; that he had no specified route, nor any customers near Massachusetts Avenue and St. Botolph Street; that the place of business of the defendant was 600 *262 Columbia Road, Dorchester at Upham’s Corner, to which place he returned at the end of his day’s work; that he was not in any accident with any street car, and that there was no damage to his truck; that one could reach his employer’s place of business by proceeding along said Massachusetts Avenue from St. Botolph Street in a Southerly direction. He also testified that it was possible for him not to feel some impact involving the rear end of his truck because of its size when loaded; that the registration plates A2426 were located on his truck at the rear.
The report contains all the material evidence.
At the close of the evidence the plaintiff duly filed requests for rulings, as follows:
“ (2) There is sufficient evidence to warrant a finding for the plaintiff against the defendant United Markets, Inc.
“ (3) There is sufficient evidence to warrant a finding that the motor vehicle involved in the collision, as alleged in the plaintiff’s declaration, was the motor vehicle of the defendant United Markets, Inc.
The court dealt with these requests as follows:
“In view of findings of fact the plaintiff’s requests for rulings become immaterial. ’ ’
It is apparent from the rulings made that the trial judge did not believe certain portions of the plaintiff’s evidence. He may not have believed that the plaintiffs received any injury. The evidence that the plaintiffs were thrown violently forward and then backward may have been entirely disbelieved by him, as also the description of the occurrence as an “awful crash.” Such general description is not held to be descriptive of any actual happening. Even the motor man described what happened as causing only a scraping sound. There is no evidence of any specific injuries that may have been suffered by the plaintiff.
*263 In fact, the repair man of the defendant testified that there was no damage to the truck in question on the date in question. It was, therefore, quite in keeping with the evidence of the trial judge to find, as he must have in view of his findings, that the plaintiffs suffered no injuries and that nothing happened that would have caused the claimed injuries.
The question, also, whether the plaintiff had suffered any injury or whether the defendant’s servant caused their only injuries, as one of fact. Reardon v. Boston Elevated Ry. Co., 247 Mass. 124. Commonwealth Investment Co. v. Fellsway Motor Mart, Inc., Mass. Adv. Shts. 1936, p. 1001, at 1009, and 1st N. E. 2d Ed., p. 201, at 205. Patterson v. Ciborowski, 277 Mass. 260.
However, we are obliged to conclude that there was error in the denial of the second and third requests for rulings made by the plaintiff. There was sufficient evidence to warrant a finding for the plaintiff and to warrant a finding that the motor vehicle involved in the collision, as alleged in plaintiff’s declaration, was the motor vehicle of defendant.
The court could have refused these two requests, if it had stated its actual findings of fact in these respects. However, this it neglected to do.
Where, as in this case, the trial judge refuses to grant requests which are correct statements of the law, but inapplicable to the facts as found by him on disputed evidence, it is usual for a judge to state his reasons in connection with his ruling of disallowance. Mazmanian v. Kuken, 285 Mass. 516. We cannot assume that the requests were refused because inapplicable. Rodde v. Nolan, 281 Mass. 493. The requests in question could have been given by the trial judge with a statement that he found the facts stated in the request, but, as he failed to state what his findings of fact were, he failed to dispose of the rulings requested properly.
*264 We are unable to state what the judge’s findings of fact Were. The requests for rulings made are not shown as immaterial. Our conclusion is, therefore, that the finding should be vacated and a new trial ordered. Bresnick v. Heath, 1935 Mass. Adv. Shts. 2297, (292 Mass. 293).
Judge Pettingell concurs in the above opinion.