RILEY, J. (Putnam, C. J., and Tomasello, J.)
Opinion is an action of contract commenced by trustee process. The trustee was duly served and made answer. The defendant was defaulted, and thereafter the plaintiff moved to charge the trustee on its answer, which was one of “no funds.”
At the hearing of the motion to charge, there was offered in evidence interrogatories propounded to the trustee and the answers thereto under oath. There was also evidence tending to show that the defendant was employed by the trustee on a straight weekly salary and enjoyed an expense account; that the weekly salary was due each Saturday and that a check therefor was mailed by the trustee on each Friday to the defendant in New York City, so that the same would be received when due. That service of the writ was made upon the trustee on Thursday, April 24, 1941, at three o’clock p. m., and again on Friday, May 2, 1941, at four twenty-five o’clock p. m.; that the expense account of the defendant for the week ending Saturday, April 26, 1941, was received by the trustee on Friday, Apiri 25, 1941, in the forenoon, and that the trustee’s check covering both the amount of the weekly salary and the amount of the expense account for the week was mailed to the defendant on said Friday, April 25, 1941, before noon; that the expense account of the defendant for the week ending Saturday, May 3, 1941, was received by the trustee on Friday, May 2, 1941, before noon and that the trustee’s check for an amount covering both the defendant’s salary and the expense account for that week, was mailed to the defendant on Friday, May 2, 1941, before noon.
The only question presented by this report is whether or not the tirai judge erred in his denial of plaintiff’s requests. Request numbered I reads as follows: “That there is a sufficiency of evidence to warrant the Court in finding that at the time of the services of the within writ upon the trustee, there were *42 goods, effects or credits due from the trustee to the defendant absolutely and without any contingency, and said goods, effects or credits were not exempt from attachment by law."
The trial judge’s denial of such a request without further comment would have been error—Bresnick v. Heath, 292 Mass. 293. Strong v. Haverhill Electric Co., 299 Mass. 455—“but there is no reversible error if the ground of refusing such request appears elsewhere in the record to show that no harm has been done.” Mazmanian v. Kuken, 285 Mass. 516.
The special finding of fact which the trial judge made in disposing of request numbered 7, clearly shows that he recog' nized the existence of sufficient evidence to permit of a general finding either way, depending upon the weight which he at' tached to the evidence, and rendered his ruling on request numbered 1, unimportant.
A check given and accepted by the parties to it as payment, is sufficient to warrant the drawer being discharged if summoned as a trustee of the payee, in the absence of evidence tending to show that the transaction was colorable. Universal Supply Co. v. Hildreth, 287 Mass. 538.
The trial judge by his finding has resolved the fact of color-ability in favor of the trustee. Whether or not it was the duty of the trustee to stop payment on the check in the hands of another, depends upon determination as to a matter of fact, that the trustee was still in control of the check. Dinnie v. Hart, 2 Pickering 204.
It is quite apparent on this record, that the plaintiff has not sustained its burden of convincing the trial judge on a matter of fact. There is no merit to the plaintiff’s contention that the denial of such requests was error.
Report dismissed.