Riley, J.
This is an action of tort to recover compensation for damage to the plaintiff’s automobile.
The plaintiff alleges that while operating his automobile on Bridge Street in the City of Salem, Massachusetts, and while crossing tracks of the defendant railroad at the Bridge Street Crossing, — so-called — said automobile was struck and damaged by an engine negligently driven by the defendant’s agents or servants, after said automobile had been entrapped between two sets of gates, negligently and carelessly operated by the defendant’s agents or servants; and that the defendant gave no warning of the approach of the train, by either whistle or bell. The defendant’s answer consists of a general denial and an averment that the plaintiff was contributory negligent.
There was evidence that on March 23, 1934, the plaintiff got into his automobile which was parked by the curbing on *186 Bridge Street, several hundred yards westerly from the crossing; that it was a fairly cold day and the car started with no more than ordinary trouble because of the cold, but there was no sputtering; that by the time the car was some distance from the crossing, it was running smoothly; that the plaintiff proceeded slowly to the crossing and proceeded on to the crossing; that the ground was slippery and there was a little valley across the tracks; that there were hand-operated gates on each side of the crossing about 75 feet apart; that as the plaintiff got inside of the westerly set of gates or the first set of gates, he heard some bells and both sets of gates were coming down; that the plaintiff slowed down and stopped in order to avoid running into the easterly or further set of gates which were down; that when the plaintiff stopped, his car settled in the area between the rails which formed a little gully; that the gates came down in front of him and to the rear of him; that after the gates came down, the plaintiff looked to his right and saw a locomotive approaching. At that time the locomotive had not yet entered the tunnel which was on his right. The exit of the tunnel, or that portion of it which was nearest to the crossing, was 75 yards away. When the plaintiff stopped his car, it was on the rails, and when he stopped in order to avoid striking the gates, the motor of the plaintiff’s car stopped; it had not stalled before he came to a complete stop. When the gate-tender saw that the car was in the position that it was in, he started to raise the easterly or second set of gates. The plaintiff tried to start the motor of his car but was unable to do so. Efforts were made by him and others to push the car off the rail, but this was unsuccessful. A railroad flagman at the crossing ran toward the tunnel to signal the engineer to stop. There was no lessening of speed of the locomotive. The plaintiff took his brief case out of the car when he saw that the locomotive was not stopping, and the car remained on the rail until it was struck *187 by the front of the engine. About thirty seconds elapsed between the time the car stopped to avoid hitting the gate and the collision.
There was further evidence that the engineer of the locomotive could have seen the crossing before he entered the tunnel; that the plaintiff’s car was on the rail when the locomotive started through the tunnel; that the flagman who signalled for the locomotive to stop was not observed by the engineer. There was also evidence that while the locomotive was in the tunnel, the visions of the engineer and fireman were obscured by smoke and steam; that when the engineer saw the automobile on the track after he got out of the tunnel, he was unable to stop the train before striking the plaintiff’s car. There was further evidence that no whistle of the locomotive was sounded as the train approached the crossing.
Witnesses drew a diagram of the scene of the accident and indicated thereon the course of the plaintiff’s auto and its position at the time of the collision; the course of the train; the position of the gates; and of the tower in which the gate-tender stood. There was evidence that the tower was about 25 feet high; and that the gate-tender was in the tower about 16 or 17 feet above the ground in a position where he could see traffic coming in any direction and crossing the track.
The trial judge made a general finding for the plaintiff.
The defendant, at the proper time, filed ten requests for rulings of law and the trial judge dealt with them, granting some and denying others. Thereafter, within the prescribed time for filing a request for a report the defendant filed a draft report, setting forth verbatim all its requests for rulings and indicating those granted and those denied by the judge, together with a statement that the defendant claimed to be aggrieved by the rulings and refusals to rule as requested.
*188 After the filing of the said draft report, (which serves as a claim of report) but before the trial judge had acted upon it, the plaintiff filed a so-called “motion to dismiss” the defendant’s claim of report; which motion the trial judge denied. The “motion to dismiss” and the order of denial thereon must be treated in accordance with their true nature, irrespective of nomenclature. The “motion to dismiss” was in substance a motion to disallow the defendant’s claim of report and alleged as grounds thereof that the claim of report appearing in the draft report does not contain a recital of the rulings sufficiently full for identification as provided for by rule 28 of the rules of this court.
We Will first consider the motion. The. plaintiff contends that irrespective of the fact that the defendant has set forth each and every request the granting or denial of which it claims to be aggrieved by, together with the action of the trial judge thereon, that the defendant is required to restate all such requests and rulings or refusals to rule in the grievance paragraph of its draft report in order to state clearly and concisely and sufficiently full and accurate for identification, just what it claims to be its grievance. He unquestionably so argues because of the parenthetic suggestion appearing in the Draft Report Model, which is to be found as an appendix to the 1940 revision of the rules of this court.
A Draft Report Model has, appeared as an appendix to editions of our rules since the establishment of the Appellate Division, and is intended as a helpful guide to parties, as' well as tending to uniformity of practice. There is no wording in the rules indicating that such Draft Report Model is a part of any rule and this view seems to be confirmed by the observation in the opinion of the case of Ahern v. Towle, 310 Mass. 695, at page 697, especially as to Rule 28.
*189 It would seem, where a party has set forth in full all the requests for rulings it had presented and has indicated those which the trial judge has granted and those which he refused to grant, followed by a statement that it is aggrieved by the court’s rulings and refusals to rule as requested, that such party has sufficiently complied with the pertinent provision of rule 28. The parenthetic suggestion, " (here state in detail and accurately the rulings given or refused by which the party claims to be aggrieved) ” appearing for the first time in the appendaged Draft Report Model in the 1940 revision of the rules of this court, has undoubtedly caused confusion, as evidenced by the instant case. Accordingly, the trial judge’s denial of the plaintiff’s motion is hereby sustained. Ahern v. Towle, 310 Mass. 695.
We now proceed to consider the merits of the other questions of law contained in the report of the trial judge. Although the defendant claimed to be aggrieved by the trial judge’s rulings and refusals to rule, it has confined its argument and brief to those requests which were denied. We will consider only such requests as are properly argued or briefed in accordance with the general rule as stated in Guinan v. Famous-Players Lasky Corp., 267 Mass. 501, 519. Carangias v. The Market Men’s Relief Ass’n, Inc., 293 Mass. 284. City of Boston v. Dolan, 298 Mass. 346, 355.
Requests numbered 2, 6, 7, 8 and 10,[1] which the trial judge denied, the defendant contends were denied erroneously because the trial judge made no finding of fact. Such con *190 tention we believe to be without merit, as the statement of the trial judge appended to her denial of request numbered 7, in the following words, “I find that the gate-tender was negligent” must be read for what it really is, — a finding of fact — which, as such, is not open to review by this Division in the absence of a request directed to the sufficiency of the evidence to warrant such finding.
' The trial judge’s denial of such requests without further comment would have been error,—Bresnick v. Heath, 292 Mass. 293; Strong v. Haverhill Electric Co., 299 Mass. 455; “but there is no reversible error if the ground of refusing a request sufficiently appears else where in the record to show that no harm has been done.” Mazmanian v. Kuken, 285 Mass. 516, 518. While it is true that the trial judge did not make lengthy findings of fact, she did make a clear and definite' finding of fact that the gate-tender was negligent, and that appears in the record.
“The general finding made by the judge in favor of the plaintiff imports the drawing of all inferences in his favor of which the facts are susceptible,” Royle v. Worcester Buick Co., 243 Mass. 143, 145 and whether, or not the gate-tender ’s negligence was causally related to the damage to the plaintiff’s automobile was an inference of which the facts were susceptible and the drawing of which must be considered, as having been imported into the general finding.
The trial judge properly denied requests numbered 2, 6, 8 and 10. Request numbered 7, ‘ ‘ That no presumption of negligence arises from the facts of the accident,” was likewise properly denied. Negligence is a fact to be established by evidence or inferred from evidence produced at the trial. When the facts of an accident are before the court as evidence, as they were in this' case, there is no place for presumptions. Bagnell v. Boston Elevated Ry. Co., 247 Mass. 235.
*191 If the defendant intended to ask the court to rule, “that the mere happening of an accident is not evidence of negligence,” it did not do so. And parties must be bound by the language they employ. While the trial judge did not state that the request was unintelligible, she apparently recognized the necessity of indicating that she was denying it because of her finding of fact, and that she recognized no presumption.
Let the following entry be made:
Report dismissed.

 2. That in order to recover, the plaintiff must show that the operator of the locomotive knew or in the exercise of due care should have known that the plaintiff’s automobile was on the crossing and unable to get off the crossing in time to stop the train so as to avoid an accident. Denied. (Rulings by trial justice are in bold face type.)
6. That unless the plaintiff shows that the train could have been stopped before striking the automobile after the engineer discovered it, the plaintiff cannot recover. Denied.
7. That no presumption of negligence arises from the facts of the accident. Denied. “I find that the gate-tender was negligent”.
8. That the cause of the accident was some defect in the automobile or the manner of its operation. Denied.
10. That on all the evidence, the plaintiff is not entitled to recover because, (a) There is no evidence of negligence on the part of the defendant, its agents or servants; (b) The plaintiff was contributorily negligent as a matter of law; (o) The accident was caused wholly or in part by some defect in the automobile or in the manner of its operation. Denied.