SAMUEL BRESNICK *vs.* CHESTER B. HEATH.

Middlesex.    January 8, 1935. — October 31, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Civil,* Appellate Division: report, appeal; Requests, rulings and instructions. *Evidence,* Admission, Presumptions and burden of proof. *Negligence,* Motor vehicle, In use of way. *Law of the Road.*

Though a report of a judge of a district court did not show for which party he found, it was assumed by this court that the finding was for the defendant because the plaintiff appealed from an order of the Appellate Division dismissing the report and the opinion of the Appellate Division contained a statement that the evidence warranted a finding for the defendant.

An appeal from an order by an appellate division brings up only rulings of law made and reported by the trial judge and the action of the Appellate Division thereon; questions of fact are not open.

Though negligence of a defendant in the operation of an automobile was shown by evidence introduced by the plaintiff, it could not properly have been ruled that the defendant's failure to introduce any evidence warranted an inference of his negligence where his answers to interrogatories also had been introduced in evidence and contained in full his version of the occurrence of the accident on which the action was based.

At the trial of an action for negligence, at which the evidence consisted of testimony introduced by the plaintiff and the defendant's answers to interrogatories, it could not properly have been ruled that such answers required a finding of negligence on the defendant's part; that was still a question of fact to be determined on all the evidence.

It *was stated* that an operator of a motor vehicle having the right of way at an intersection of ways is not thereby relieved of the general duty of exercising due care to avoid collision with an approaching vehicle.

The refusal of a judge hearing an action without a jury to rule as requested by the plaintiff that there was evidence warranting a finding in his favor was reversible error if there was evidence justifying a finding for either party and the finding was for the defendant, unless the judge stated that he refused the requested ruling as immaterial on the facts found.

TORT. Writ in the First District Court of Eastern Middlesex dated October 18, 1933.

The action was heard in the District Court by *Davis, J.*

*J. C. Johnston,* for the plaintiff.

*R. J. Dunn, G. W. Roberts & J. F. Lawton,* for the defendant, submitted a brief.

RUGG, C.J. This is an action of tort to recover compensation for damage to the automobile of the plaintiff alleged to have been caused by the negligence or concurring negligence of the defendant. The plaintiff offered evidence tending to show that on a July morning he permitted his son, twenty-one years of age and a licensed operator, to take his automobile; that in it the son in company with two others was travelling along the Andover Road, so called, in Reading; that Franklin Street intersected and crossed Andover Road at right angles; that the paved portion of Andover Road was approximately forty feet in width and provided four lanes for automobile traffic, the outside lanes being of concrete and the inside lanes, divided by a white line, being of tarvia construction; that there was a gravel shoulder on each side of the road about a foot and a half wide; that Andover Road on each side of

the intersection was straight for a distance of more than five hundred feet, so that anyone approaching the intersection had an unobstructed view of it; that when the plaintiff's son reached a point two hundred feet before the intersection with Franklin Street he observed the automobile driven by the defendant coming slowly from his right along Franklin Street toward Andover Road where it came to a full stop at the right hand edge of the concrete; that at that time the plaintiff's son was driving at approximately forty miles an hour, there being no other traffic in sight on either Andover Road or Franklin Street; that believing the defendant had stopped to allow him to pass, he increased the speed of the automobile to about forty-five miles an hour; that when he reached a point perhaps one hundred fifty feet from the intersection the defendant suddenly and without warning started to cross Andover Road; that the plaintiff's son thereupon applied his brakes and swerved to the left intending to drive into Franklin Street to his left in order to avoid the accident; that the defendant continued to cross Andover Road; that the automobiles came together nearly in the middle of the highway, the plaintiff's automobile striking that of the defendant at about the left front door.

Interrogatories propounded to the defendant by the plaintiff were put in evidence wherein the defendant stated that he was operating his automobile at about ten miles an hour just before the accident; that as he approached the outer edge of Andover Road he looked in both directions and saw no traffic approaching, having an unobstructed view on his left for about five hundred feet; that he drove his automobile on to the concrete lane and then observed an automobile driven at a terrific speed rapidly approaching on his left; that he continued to cross the highway in order to give the approaching automobile a clear road, and had reached the center black surface with his front wheels in contact with the opposite cement lane when his automobile was struck with violence and overturned; that he gave the operator of the other automobile an unobstructed way to proceed if he had had his automobile under control;

that the acts of the operator of the plaintiff's motor vehicle which contributed to the accident were driving at a reckless speed, failure to keep to the right side of the road and dragging brakes one hundred seventy-eight feet before the collision.

The plaintiff requested these rulings which were denied by the trial judge: "5. The defendant's answers to interrogatories require a finding that he was not in the exercise of due care.  6. The failure of the defendant to introduce evidence warrants an inference that he was guilty of negligence as alleged in the declaration.  7. There is evidence to warrant the court to find for the plaintiff."

The report is imperfect in that it contains no statement whether the finding was for the plaintiff or for the defendant.  The opinion of the Appellate Division states that the "evidence amply warranted a finding for the defendant" and ordered that the report be dismissed.  The appeal of the plaintiff brings the case here.  It must be assumed in these circumstances that the finding was for the defendant.

On such an appeal findings of fact made on oral evidence are not reviewable.  *Engel* v. *Checker Taxi Co.* 275 Mass. 471.  *Winchester* v. *Missin*, 278 Mass. 427, 428.  *Mahoney* v. *Norcross*, 284 Mass. 153.  An appeal brings before this court for consideration only rulings of law made by the trial judge and reported by him to the Appellate Division and questions of law touching the action of the Appellate Division thereon.  G. L. (Ter. Ed.) c. 231, §§ 108, 109.  *Woodman* v. *Haynes*, 289 Mass. 114, 116.

The claim of the plaintiff to a recovery is based on the rule of law that the bailor of an automobile, free from personal negligence, may recover against a third person for damage to that automobile resulting from the concurring negligence of the bailee and such third person.  The defendant rightly concedes that the negligence of the son of the plaintiff in operating his automobile is not to be imputed to the plaintiff.  *Nash* v. *Lang*, 268 Mass. 407.

The report is construed as presenting for determination the questions of law raised by the refusal to give the requests of the plaintiff for rulings.

The denial of request 6 is not shown to be error. The defendant had given in answer to interrogatories a full description of the occurrences connected with the accident and had stated in detail all that he did to avoid the collision. In these circumstances the rule stated in *Howe* v. *Howe*, 199 Mass. 598, 603, and *Attorney General* v. *Pelletier*, 240 Mass. 264, 316, to the effect that failure of a party in the face of evidence adverse to his interests to testify as to matters within his knowledge may be regarded as conduct in the nature of an admission, becomes inapplicable. Merely because a party has answered interrogatories may not be enough in all cases to avoid the adverse inference from failure to give testimony on the witness stand. The case at bar does not belong to that class. The answers of the defendant to the interrogatories appear to have covered the whole field of his connection with the collision and his observation of the conduct of the operator of the plaintiff's automobile.

There was no error in the denial of request 5. When a collision occurs between automobiles at an intersection of ways the question whether there has been negligence on the part of either or of both of the operators is generally one of fact. *Keyes* v. *Checker Taxi Co.* 275 Mass. 461. *Clay* v. *Pope & Cottle Co.* 273 Mass. 40. *Bagdazurian* v. *Nathanson*, 269 Mass. 386. *Harlow* v. *Corcoran*, 290 Mass. 289, 293. *Walsh* v. *Wilson*, 281 Mass. 78. While the defendant in the case at bar had the right of way under G. L. (Ter. Ed.) c. 89, § 8, having entered the intersection first, he was not thereby entitled to an absolute or exclusive right under all conditions. *Fournier* v. *Zinn*, 257 Mass. 575, 577. *Brown* v. *Robinson*, 275 Mass. 55, 56. He was not thereby relieved of the general duty to exercise due care to avoid injury to others and harm to himself. Due care required him to look out for approaching vehicles and to make reasonable effort to avoid a collision. The fact that he had the right of way did not authorize him to proceed irrespective of impending peril. It might have been found that the defendant looked carelessly in failing to see the oncoming automobile and that he entered the path of

an obvious danger. *Jennings* v. *Bragdon*, 289 Mass. 595, 597–598. *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392, 396. The answers of the defendant to interrogatories did not establish his negligence as matter of law: it was a question of fact to be determined on all the evidence. *Kaminski* v. *Fournier*, 235 Mass. 51, 54. *Barnett* v. *Boston Elevated Railway*, 244 Mass. 418. *Murphy* v. *Nahant & Lynn Street Railway*, 261 Mass. 207. *Hamel* v. *Sweatt*, 256 Mass. 581. *Glatz* v. *Kroeger Brothers Co.* 168 Wis. 635, 640. *Swift* v. *Corrado*, 292 Penn. St. 543, 547. *Hegarty* v. *National Refining Co.* 112 Kans. 151. *Carson* v. *Green Cab Co.* 186 Wis. 566, 570. *Sliter* v. *Clark*, 127 Wash. 406.

The denial of request 7 involved a ruling as matter of law that there was no evidence to warrant recovery by the plaintiff. It was equivalent to a ruling as matter of law either that the defendant was not negligent or that the sole cause of damage to the plaintiff was the negligence of the bailee of his automobile. The request was not a request that as matter of law the plaintiff was entitled to recover. The denial of this request was error. The record is not fairly susceptible of the construction that this request was denied because rendered immaterial by findings of fact made by the trial judge. No findings of fact are recited. It would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as matter of fact as the ground for denial of this request, or that the request had become immaterial because of a finding in favor of the defendant on the facts. *Holton* v. *Denaro*, 278 Mass. 261. *DiLorenzo* v. *Atlantic National Bank of Boston*, 278 Mass. 321, 325. *Mazmanian* v. *Kuken*, 285 Mass. 516, 518. That course was not pursued. It cannot be said that this was harmless error. *Pearson* v. *O'Connell*, 291 Mass. 527, 529. The plaintiff was seeking a ruling that there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or to a statement of findings of facts showing that the requested ruling had become irrelevant. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18, 19. A finding on the facts in

favor of the defendant was supportable on the evidence. *Dillon* v. *Framingham*, 288 Mass. 511, 513, 514. But the record does not show that the ultimate decision may not have been due to the erroneous view of law of the trial judge expressed by his denial of request 7. That is an error which this court cannot correct except by reversing the decision. This court cannot find facts in an action at law even though the evidence is reported. *Jones* v. *Clark*, 272 Mass. 146, 149. The case must be tried again.

*Order dismissing report reversed.*
*Case to stand for a new trial.*