FARINA BROTHERS, INC. *vs.* MARY ROBINSON.

VINCENZO FARINA *vs.* SAME.

Middlesex.    November 13, 14, 1935. — January 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory.

An automobile driver could be found negligent on evidence that at an intersection of streets he made a left turn from the right half of the street on a green traffic light, and then attempted to cross the left half of the street against a red light and in front of traffic approaching from his right thereon.

TWO ACTIONS OF TORT. Writs in the Third District Court of Eastern Middlesex dated November 20, 1934.

The actions were heard in the District Court by *Weston*, J., who found for the defendant in each action. Reports to the Appellate Division for the Northern District were ordered dismissed. The plaintiffs appealed.

*F. P. Hurley*, (*J. M. Langan* with him,) for the plaintiffs.

*G. S. Alberts*, (*J. Levensohn* with him,) for the defendant.

CROSBY, J. The plaintiff in the first action seeks to recover for damage to its automobile resulting from a collision between it and an automobile operated by the defendant. The plaintiff in the second action, who was driving

the corporation's automobile, seeks to recover for personal injuries resulting from the same collision.

The trial judge made the following findings and rulings: The individual plaintiff was proceeding southerly on the westerly roadway of Soldiers Field Road near the junction of Cambridge Street, in the Brighton district of Boston. Soldiers Field Road has two roadways for automobile traffic separated by a grass plot. The plaintiff before entering Cambridge Street stopped to wait for a green light; when the light changed to green he made a left turn onto Cambridge Street. After making this turn, he was travelling easterly on Cambridge Street, and was facing a red light which had stopped traffic on Cambridge Street. He kept on across the easterly roadway of Soldiers Field Road, which was fifty-five feet wide, and all the time was increasing his speed. Just before the collision he was travelling at a speed of from twenty to twenty-five miles an hour, and was nearly across the easterly roadway of Soldiers Field Road when the automobile was struck on the right side by the defendant's automobile.

The judge further found that the defendant was proceeding northerly on the easterly roadway of Soldiers Field Road; that as she approached the intersection of Cambridge Street the green light was in her favor; that there were two lanes of traffic in the direction the defendant was going and she was in the right-hand lane; that a car directly at her left was stopped; that she kept on going, the light ahead of her still being green, and started to cross Cambridge Street; that she did not see the plaintiff, nor did the plaintiff see her, until just an instant before the collision; that she was travelling twenty to twenty-five miles an hour; that upon realizing there would be an accident, she applied her brakes and turned to the right; and that her automobile struck that of the plaintiff just about in the middle. The plaintiff's automobile swung to the right and travelled from ten to fifteen feet until stopped by the curbstone on the right side of Cambridge Street just beyond the intersection of Soldiers Field Road. The two cars were locked together.

The judge ruled "that the intersection of Cambridge Street and Soldiers Field Road is from the extreme easterly side of Soldiers Field Road across both roadways to the extreme westerly side." He found that the plaintiff's automobile entered this intersection before the defendant's automobile, but "that the defendant's car was the first to enter that part of the intersection which is common to the easterly roadway of Soldiers Field Road and Cambridge Street . . . that the plaintiff was justified in making a left turn when the light turned green; that when he had made this left turn and was on Cambridge Street, he was facing a red light and that as he proceeded he increased his speed with this red light directly ahead of him, and ran directly across traffic on Soldiers Field Road; that he should have known that there was the possibility of a car coming from his right, the driver of which was relying on the green light indicating that he had the right to proceed along Soldiers Field Road and cross Cambridge Street . . . [and] therefore . . . [found] that the plaintiff was not in the exercise of due care." This finding was warranted in view of the subsidiary findings. The judge further found that the defendant was not negligent.

At the close of the evidence the plaintiff in each case filed eight identical requests for rulings. The first was that the evidence warranted a finding that "at the time of the happening of the accident herein involved the defendant was negligent." This request was refused on the ground that the judge found that the defendant was not negligent. In this there was no error. The other requests which were not given were rightly refused or have become immaterial in view of the grounds of this decision. The judge found for the defendant.

As there was no prejudicial error on the part of the judge, the Appellate Division properly dismissed the report in each case.

*Orders dismissing reports affirmed.*