MARGARET BURKE *vs*. JORDAN MARSH COMPANY
(and a companion case [1]).

Suffolk.   January 4, 1943. — January 27, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & COX, JJ.

*Negligence*, Store.

Evidence warranted a finding of negligence of an employee in a store causing a roll of rugs standing on end to fall over and strike a customer.

TWO ACTIONS OF TORT.   Writs in the Superior Court dated November 3, 1939.

The cases were tried together before *Buttrick*, J.   The defendant in the first action alleged an exception to the denial of its motion for the ordering of a verdict in its favor.   The plaintiff in the second action alleged an exception to the ordering of a verdict for the defendant.

There was evidence that the incidents described in the opinion occurred on September 18 or 19, 1939.

The only evidence in the bill of exceptions in the second action respecting injury to the plaintiff therein was as follows: The daughter Margaret Burke testified "that she didn't notice what her mother did after the rolls fell; that the witness was not knocked to the ground and she did not see her mother go to the ground; that 'she didn't see her [mother] get struck . . . that she didn't say that [she] saw her [mother] get hit . . . that she didn't see her [mother] get hit.' "   A "nurse in the defendant's health clinic testified that Margaret [Mary?] Mullen came to the clinic with her daughter Margaret Burke but asked for and got no treatment."   A physician testified "that he treated Margaret [Mary?] Mullen for a nervous diarrhea for some time after September 29, 1939."

---

[1] The companion case is Mary F. Mullen *vs*. Jordan Marsh Company.

*T. H. Mahony,* for the defendant.

*H. L. Barrett,* for the plaintiffs.

LUMMUS, J.   The plaintiff in the first case went with her mother to the defendant's store to buy a rubber-tex rug. There was evidence that there were about twenty rolls of such rugs, standing on end, about six feet high.   An employee of the defendant showed them the rugs.   The mother wished to buy a large linoleum rug, and the employee took them to a place where the linoleum rugs were displayed along the wall.   They stood between the rubber-tex rugs and the wall.   No one was near them except the employee. Suddenly eight or ten of the rubber-tex rugs fell over and struck the plaintiff.   The case is here, after a verdict for the plaintiff, upon an exception by the defendant to the refusal of a directed verdict in its favor.

The case was properly submitted to the jury.   The plaintiff bought goods, by the yard, from one of the rolls.   It could be inferred that the employee handled it.   It could have been found that he left it in an insecure state, or that the rolls were stacked insecurely in the first place. . Negligence on the part of the defendant could have been found. *Dunbar* v. *Ferrera Bros. Inc.* 306 Mass. 90.   The conduct of no one else, it could have been found, was a cause of the fall.   There was no evidence of contributory negligence.

The plaintiff in the second case is the mother, already mentioned.   There was no evidence that she was hurt when the rolls fell.   Even if the occurrence caused her to have a nervous disorder, she was not entitled to recover therefor. *Freedman* v. *Eastern Massachusetts Street Railway,* 299 Mass. 246.

In each case the entry will be

*Exceptions overruled.*