ARMOND PERRY *vs.* LOUIS HANOVER
(and four companion cases [1]).

Essex.    December 2, 1940. — June 28, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Practice, Civil,* Appellate Division: report; Requests, rulings and instructions.

A report from a District Court, stating that the plaintiff, "being aggrieved by the rulings and findings made by the court, hereby request[s] that the same be reported to the Appellate Division for determination," and that what was therein recited was "substantially all the evidence that was introduced in" the case, was defective in that it did not conform to the requirements of a report by the trial judge described in Rule 28 of the District Courts (1940), and sought a report of findings of fact.

A request of a judge of a District Court for a ruling that upon all the evidence the defendant was negligent in a specified particular rightly was denied where the evidence was conflicting and the defendant's testimony reported was not of a character that required such a finding.

No error was shown in a denial by a judge of a District Court of a request for a ruling that an injury to the plaintiff was caused by negligence of the defendant where the report contained no evidence that the plaintiff had sustained injury.

Rule 27 of the District Courts (1940) does not require a trial judge to state findings of fact in refusing a requested ruling of law where it appears that no finding was necessary to justify the refusal.

No error was shown in the denial by a judge of a District Court of a request for a ruling that there "is evidence from which the court can find that the operator of the defendant's automobile was negligent," where, although there was such evidence, the judge in his denial stated that the request was "not applicable to the facts found by" him and that he found "as a fact that the defendant was not negligent."

The measure of the right of a passenger in a motor vehicle on a public way to rely upon an expectation of carefulness of an operator of another motor vehicle thereon is to "some extent" not to a "great extent."

FIVE ACTIONS OF TORT. Writs in the District Court of Southern Essex dated February 5, 1937.

[1] The four companion cases were brought against the same defendant by Dorothy King, Dorothy Perry, Annie King, and Annie Addison.

The cases were heard together by *Murphy*, J.

*H. C. Mamber*, for the plaintiffs.

*J. F. Doyle*, for the defendant.

FIELD, C.J.   These five actions of tort were brought in a District Court to recover compensation for personal injuries alleged to have been sustained by the five plaintiffs, respectively, as the result of a collision between an automobile in which the plaintiffs were riding and an automobile negligently operated by the defendant.   Apparently the cases were tried together.   In each case there was a finding for the defendant.   The plaintiff in each case made eight so called "requests for rulings," all of which, except the seventh request, were denied by the trial judge.   He granted the seventh request that "Upon all the evidence, the court rules that the plaintiff was in the exercise of due care." The judge stated: "Request number seven allowed, all other requests denied, as not applicable to facts found. by me.   I find as a fact that the defendant was not negligent." A report to the Appellate Division applicable to all five cases was dismissed, and the plaintiffs appealed.

The report states that the "plaintiffs being aggrieved by the rulings and findings made by the court, hereby request that the same be reported to the Appellate Division for determination."   This report is objectionable in form.   An aggrieved party requesting a report is required to file a draft report within a fixed time.   And it was provided by Rule 28 of the District Courts (1932) (see now Rule 28 of the District Courts [1940]) that "Such draft report shall generally as fully as may be follow the model elsewhere printed in these rules."   The draft report model so printed contains the following: "The plaintiff (defendant) claiming to be aggrieved by the rulings and refusals to rule as requested, I hereby report *the same* to the Appellate Division for determination."   The actual report as distinguished from the draft report is the report of the trial judge.   The present report contains no statement that the judge reports the matters report of which was requested by the plaintiffs. However, notwithstanding this deviation from the correct form of a report, we treat the report as a report of. these

matters so far as they are properly the subjects of a report. But it cannot be regarded as a report of "findings made by the court." The governing statute provides only for a report of "any ruling on a matter of law." G. L. (Ter. Ed.) c. 231, § 108. A finding of fact is not a proper subject of a report. *James B. Rendle Co.* v. *Conley & Daggett, Inc.* 313 Mass. 712, and cases cited. The only matters for our consideration, therefore, are whether the judge ruled correctly in denying the plaintiffs' "requests for rulings."

The report states that what is therein recited is "substantially all the evidence that was introduced in these cases." It may well be doubted whether this statement is the equivalent of a statement, commonly essential to a report, that the report contains all the evidence material to the questions reported or "the substance of all the material evidence." *Hall* v. *Smith*, 283 Mass. 166, 167. *Commonwealth* v. *McIntosh*, 259 Mass. 388, 391. But without discussing whether the report is fatally defective in this respect (see *Swistak* v. *Paradis*, 288 Mass. 377, 380), we consider the questions of law reported.

There was no error in denying the "requests for rulings."

1. The first, second, third and fourth "requests for rulings" are requests in somewhat different forms for rulings that upon all the evidence the defendant was negligent, specifying in three requests particular respects in which he was negligent. The fourth request was for a ruling "that the injury to the plaintiff was caused by the negligent operation of the automobile driven by the defendant." These are not requests for rulings of law that the defendant was negligent if the specific facts recited in the requests were found, and the principles applicable to such requests need not be discussed. On the contrary, these requests, though purporting to be "requests for rulings," are, in substance, requests for findings of the fact that the defendant was negligent and of the specific facts recited in the requests (see *Geraci* v. *A. G. Tomasello & Son, Inc.* 293 Mass. 552, 554) except as they may be construed as requests for rulings of law that findings of the facts recited therein are required as matter of law upon the evidence. See *Old Colony Trust*

*Co.* v. *Wallace,* 212 Mass. 335, 337; *Howard* v. *Malden Savings Bank,* 300 Mass. 208, 211. Unless the findings of fact so recited were so required, there was no error in denying the requests. A judge is not bound to make findings of fact that are not required as matter of law upon the evidence, in response to requests for such findings. *Memishian* v. *Phipps,* 311 Mass. 521, 523, 524.

A finding that the defendant was negligent was not required as matter of law upon the evidence. The report states that the "following facts appeared in evidence and were undisputed." Except for a statement that the "plaintiffs were returning from a visit to a hospital and were on their way to their home in Lynn; they were proceeding on this Route 20 which is a three-lane route for automobiles," the matter following the introductory statement is a recital of testimony at the trial. This matter must be treated as evidence and not as facts established. The statement that the "following facts . . . were undisputed" obviously is inaccurate for in many particulars the evidence was contradictory. Moreover, even testimony that is "undisputed" or "uncontradicted" need not necessarily be believed. *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314, 323. *Lydon* v. *Boston Elevated Railway,* 309 Mass. 205, 206. This principle, however, is subject to the limitation that a party is bound by his own testimony unfavorable to him "except as he is entitled to the benefit of any more favorable explanation of the accident presented by the evidence." *Sooserian* v. *Clark,* 287 Mass. 65, 67. *Murphy* v. *Smith,* 307 Mass. 64, 66. The defendant testified "that as he came to a bend in the road going downgrade his view being obstructed, he first noticed the plaintiff's automobile coming towards him in the center of the lane; that the plaintiff's automobile was passing a truck; that his car collided with the car in which the plaintiffs were riding," and in these respects there was no evidence more favorable to the defendant. But the evidence was conflicting as to the side of the road upon which the automobile operated by the defendant was travelling at the time of the accident and as to whether at that time its lights

were lighted. Indeed, there is nothing in the evidence to show that the accident occurred at a time when the lights should have been lighted. And there is nothing in the evidence to show the distance for which the defendant's view was obstructed. Moreover, there was no evidence of the speed at which the automobile operated by the defendant was travelling. Even if the defendant was bound by his testimony herein recited, a finding was not required that he was negligent. A collision between the two automobiles in the circumstances disclosed by this testimony did not necessarily show negligence on the part of the defendant. Consequently the judge could not rightly have ruled as matter of law, in accordance with the first, second, third and fourth requested rulings, that the defendant was negligent.

Furthermore, there are other objections to these requested rulings. Each of the first three of them calls not only for a finding that the defendant was negligent but also for special findings of fact with respect to which either there was no evidence or the evidence was conflicting. It could not rightly have been ruled that the special findings requested were required as matter of law upon the evidence. The fourth request as applied to each case called for a ruling that the defendant operated the automobile negligently and also that such negligent operation was the cause of injury to the plaintiff. As already pointed out, it could not have been ruled as matter of law that the defendant was negligent in the operation of the automobile. Moreover, there was no evidence, and clearly it could not rightly have been ruled as matter of law, that the plaintiff in any of the cases sustained any personal injury as the result of such negligence. On this aspect of the case the evidence went no farther than to show that the automobile operated by the defendant collided with an automobile in which the plaintiffs were riding. But there was no evidence, so far as the report discloses, that any of the plaintiffs was hurt as a result of the collision. *Burke* v. *Jordan Marsh Co.* 313 Mass. 119, 120. If "no injury was caused . . . to the plaintiff, if he suffered no damage whatever from the defendant's negligence, then he would not be entitled to recover. Although there has been

negligence in the performance of a legal duty, yet it is only those who have suffered damage therefrom that may maintain an action therefor. . . . In cases of negligence, there is no such invasion of rights as to entitle a plaintiff to recover at least nominal damages." *Sullivan* v. *Old Colony Street Railway*, 200 Mass. 303, 307–308. *Daniels* v. *Celeste*, 303 Mass. 148, 152. On this ground alone the denial of the fourth request for a ruling was right, although such denial was right independent of this ground.

These four "requests for rulings" were denied rightly even apart from the finding of the judge "as a fact that the defendant was not negligent." The plaintiffs, however, urge that the judge committed prejudicial error in failing to file a statement of the facts found by him bearing upon these requests. They rely upon the last sentence of Rule 27 of the District Courts (1932) as amended in 1937 (see now Rule 27 of the District Courts [1940]): "Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed." No question of law is presented by the denial of any of these requests other than the question whether the evidence as matter of law required findings of the facts recited therein. "Since the evidence did not [in any of the cases] require such a finding, the refusal of the requested rulings was right on that ground, and no special findings were needed to show that these requested rulings were inapplicable or immaterial in order to justify the refusal thereof." *Memishian* v. *Phipps*, 311 Mass. 521, 524. This rule does not compel a judge to make special findings of fact when such special findings are not necessary to justify his rulings of law. The conclusion here reached is not affected by the fact that the judge denied the "requests for rulings" "as not applicable to facts found by . . . [him]." Since these "requests for rulings" were denied rightly for the reasons here stated, it is immaterial whether the denial

of them could also be sustained on the ground upon which they were denied by the judge. *Reilly* v. *Selectmen of Blackstone*, 266 Mass. 503, 512. *Cook* v. *Cook*, 293 Mass. 29, 32. Consequently it is unnecessary to discuss, in connection with these "requests for rulings," the finding of the judge "as a fact that the defendant was not negligent."

2. The judge denied the fifth request of the plaintiffs for a ruling that there "is evidence from which the court can find that the operation of the defendant's automobile was negligent and such negligence was a contributing cause which resulted in the injuries to the plaintiff."

This request was denied rightly.

We interpret this request as calling for a ruling that the evidence warranted findings both that the defendant was negligent in the operation of the automobile, and that such negligence was a contributing cause of personal injuries to the plaintiffs. But, as already pointed out, the report does not disclose that there was evidence that any of the plaintiffs sustained such injuries. For this reason alone the denial of this request for a ruling was right. But the defendant does not take this point, and it may well be that there was such evidence at the trial which was carelessly omitted from the report, although the report states that the evidence recited therein is "substantially all the evidence that was introduced in these cases." We, therefore, consider a further ground which, independent of any other ground, justified the denial of this request for a ruling.

A judge, sitting, as in these cases, without a jury, performs a dual function. He is both a judge of law and a trier of fact. "He must adopt correct rules of law for his guidance and find the facts as guided by these rules. And upon proper requests therefor he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved." *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215, 219. *Sreda* v. *Kessel*, 310 Mass. 588, 589. *Memishian* v. *Phipps*, 311 Mass. 521, 522–523. This principle is applicable to the question of law whether the evidence warranted a finding. Upon a proper request for a ruling upon this question, a

judge is bound to rule thereon unless his special finding or findings render such a ruling immaterial. *Bresnick* v. *Heath,* 292 Mass. 293, 298. *Hurley* v. *Ornsteen,* 311 Mass. 477, 480. The purpose of such a ruling or of such a special finding or special findings is to show whether the general finding is vitiated by error of law.

Where, as in the present cases, there is a general finding for the defendant, such a finding might conceivably have been based by the judge either upon the ground that as matter of law the evidence was insufficient to warrant a finding for the plaintiffs or, more specifically, a finding that the defendant was negligent, or, on the other hand, upon the ground that the judge, as the trier of fact, did not make this finding even though it was warranted by the evidence. Where the evidence is insufficient as matter of law to warrant a finding of negligence on the part of the defendant and consequently to warrant a finding for the plaintiff, it is, of course, immaterial upon which of these grounds the judge bases his general finding for the defendant. But, in the present cases, we assume in favor of the plaintiffs, without discussion, that the evidence was sufficient to warrant a finding that the defendant was negligent. In this situation it is material whether the general finding for the defendant was based by the judge upon the erroneous ground that the evidence was insufficient as matter of law to warrant a finding of negligence on his part or was based by the judge upon the ground that upon the evidence, irrespective of its sufficiency to warrant a finding of negligence, he found as a fact that the defendant was not negligent — a permissible finding even though the evidence warranted a finding that the defendant was negligent. If the finding for the defendant was based by the judge upon the latter ground, it is immaterial whether or not the evidence was sufficient as matter of law to warrant a finding that the defendant was negligent. The judge in the present cases denied the fifth request for a ruling on the ground that it was "not applicable to facts found by . . . [him]," stating that he found "as a fact that the defendant was not negligent." We think that this statement of his special finding shows that

he did not base his general finding for the defendant upon
the erroneous ground that as matter of law the evidence
was insufficient to warrant a finding that the defendant was
negligent, but rather that he based this general finding upon
the ground that, irrespective of the sufficiency of the evi-
dence to warrant a finding that the defendant was negligent,
he found as a fact that the defendant was not negligent.
This special finding of fact permissible on the evidence
rendered immaterial a ruling of law as to the sufficiency
of the evidence to warrant a contrary finding and justified
the denial of this request.

In *Bresnick* v. *Heath,* 292 Mass. 293, there was a general
finding for the defendant, and a denial of the plaintiff's
seventh request for a ruling that there is "evidence to war-
rant the court to find for the plaintiff." The denial of this
request was held to be error. The court said that the
"record is not fairly susceptible of the construction that
this request was denied because rendered immaterial by
findings of fact made by the trial judge. No findings of
fact are recited. It would have been simple for the trial
judge to have made a statement that the defendant was
found free from negligence as matter of fact as the ground
for denial of this request . . . . That course was not pur-
sued. . . . A finding on the facts in favor of the defendant
was supportable on the evidence. . . . But the record does
not show that the ultimate decision may not have been
due to the erroneous view of law of the trial judge ex-
pressed by his denial of request 7." Pages 298–299. The
judge in the present cases followed precisely the course sug-
gested in *Bresnick* v. *Heath* by stating, in substance, that
"the defendant was found free from negligence as matter
of fact." Thus the record shows that the ultimate decision
for the defendant was not due to an erroneous view of the
law that the evidence was insufficient to warrant a finding
of negligence on the part of the defendant. This conclu-
sion is in accord with numerous decisions. *Strong* v. *Haver-
hill Electric Co.* 299 Mass. 455, 456–457. *Marquis* v. *Mes-
sier,* 303 Mass. 553, 555–556. *Himelfarb* v. *Novadel Agene
Corp.* 305 Mass. 446, 447–448. See also *Farina Brothers,*

*Inc.* v. *Robinson*, 293 Mass. 269, 271; *Commonwealth* v. *Hull*, 296 Mass. 327, 336–337; *Cameron* v. *Buckley*, 299 Mass. 432, 434; *Wilson* v. *Birkenbush*, 305 Mass. 173, 177; *Ajax Shoe & Leather Co.* v. *Selig*, 305 Mass. 389, 391–392; *United States Fidelity & Guaranty Co.* v. *Sheehan*, 308 Mass. 321, 323–324; *Dangelo* v. *Farina*, 310 Mass. 758, 759–760. The present cases are distinguishable from *Kaufmann* v. *Sydeman*, 251 Mass. 210, 217, particularly relied on by the plaintiffs, where, unlike the present cases, this court was "unable to say from the report upon which theory . . . [the judge] acted." And they are distinguishable from *Bresnick* v. *Heath*, 292 Mass. 293, and *Markiewicz* v. *Toton*, 292 Mass. 434, also relied on by the plaintiffs, and from *Home Savings Bank* v. *Savransky*, 307 Mass. 601, 604–605, and *Bern* v. *Boston Consolidated Gas Co.* 310 Mass. 651, 653–654.

3. The sixth request for a ruling was denied rightly. It was a request for a ruling that it "is evidence of negligence that the defendant violated G. L. Chapter 89, Section 4, which provided, 'Whenever on any way, public or private, there is not an unobstructed view of the road for at least one hundred yards, the driver of every vehicle shall keep his vehicle on the right of the middle of the traveled part of the way, whenever it is safe and practicable so to do.'" It is not wholly clear that this request did not call for a finding of fact. But considered as a request for a ruling of law it was denied rightly, since it was not applicable to the evidence. There was no evidence that the defendant's view was obstructed "for at least one hundred yards." Whether for other reasons the request was denied rightly need not be considered.

4. The eighth request for a ruling was as follows: "A passenger in an automobile, as this plaintiff, has a right to rely to a great extent upon the expectations that the operator of a motor vehicle driving along a public highway would make an effort to avoid a collision with an automobile in which the plaintiff was being driven as a passenger." There was no error in denying this request. The ruling requested does not state the law accurately. Each of the

plaintiffs, doubtless, "was entitled to rely to some extent on the belief that the defendant would not operate . . . [his automobile] negligently." *Hennessey* v. *Moynihan*, 272 Mass. 165, 168. *Gagnon* v. *Worcester Consolidated Street Railway*, 231 Mass. 160, 162. *Runnells* v. *Cassidy*, 307 Mass. 128, 130. *Mroczek* v. *Craig*, 312 Mass. 236, 238. But such permissible reliance is to "some" not to "a great" extent. The requested ruling exaggerated the permissible reliance. Moreover, even if the inaccuracy of the requested ruling were to be disregarded, the plaintiffs were not harmed by the denial of the request for this ruling. This requested ruling bore solely on the due care of the plaintiffs. Rulings upon their due care were rendered immaterial by the special finding of the judge "as a fact that the defendant was not negligent," which disposed of all the cases adversely to the plaintiffs irrespective of their due care. In each case,

*Order dismissing report affirmed.*