Keniston, C. J.
These are two cross-actions, tried together, in one of which the plaintiff, Einhorn, Inc., seeks to recover under its first count for goods sold and delivered, plus freight, and under its second count for money had and received. The plaintiff, Shindler, in his cross-action seeks to recover on an account annexed. The court found for Einhorn, Inc. in each action and Shindler, both as plaintiff and defendant, brings this appeal claiming to be aggrieved by the admission in evidence of a deposition of a witness for Einhorn, Inc. in New York and also to the denial of certain requests.
The so-called brief filed by the appellant, Shindler, only states that the trial court was not warranted in admitting the deposition set forth in the report and more particularly the answer to interrogatory number 5, and interrogatory number 2 and the answer thereto, and that the court was *43 not warranted in denying his requests for rulings numbered 4, 5, 6, 7, 9, 11, 13 and 14 and that the denial of these requests was error. He states no grounds upon which he' claims the deposition or the questions and answers were objectionable other than to cite Gen. Laws (Ter. Ed.) ch. 233, sec. 36, nor in what manner the court erred in denying the requests.
Bule 31 of this court provides in part “Briefs shall be signed by counsel, or by the party, and shall contain the points and authorities upon which the party relies, and his argument upon them. When the construction or effect of a statute is drawn in question, its text, so far as material, shall be set forth.”
The appellant’s brief does not comply with the rule. The rule contemplates not only a list of the problems presented to the court but also some aid in solving them. Boston v. Dolan, 298 Mass. 346, 355, 356. The appellant having failed to properly argue or brief the grounds upon which he claims to be aggrieved by the admission of the deposition or any part thereof or in the denial of his requests we treat them as waived. Kay v. Audet, 306 Mass. 337, 338. Commonwealth v. Dyer, 243 Mass. 472, 508. An examination of the questions raised discloses no error requiring correction notwithstanding the failure of the appellant to assist by argument.
We are unable to discover from the report that the deposition was not taken in conformity with the provisions of Gen. Laws (Ter. Ed.) ch. 233, secs. 24-45 nor that there was any valid objection to the admissibility of the questions and answers contained therein. It does not appear from the report that the appellant pointed out to the trial court any ground upon which he felt the deposition or its questions and answers were objectionable, nor has he done so in his *44 brief or argument. We find no such grounds. There was no error in the denial of the requests for rulings. Requests Nos. 2 and 3 do not comply with Rule 28. Dellamano v. Francis, 308 Mass. 502, 503. The rulings upon the other requests Nos. 4, 5, 6, 7, 9,10,11,12,13 and 14 are either requests for findings of facts not found by the court or for rulings of law based upon findings of facts not found by the court. The" evidence reported justified the findings of facts made by the court. Findings of facts are not reviewable. Perry v. Hanover, 314 Mass. 167. Adamaitis v. Metropolitan Life Ins. Co., 295 Mass. 215, 221.
The appellant in his brief submits “that the court was not warranted in admitting Menist’s deposition, more particularly that part which was inconsistent with Sibushnick’s deposition.” The answer to this contention is first, that it appears from the report that “the deposition of Menist was admitted without objection” and second, that it is not one of the grounds upon which the appellant claims to be aggrieved as set forth in the report.
The real grievances of the appellant as apparently disclosed by his oral argument relate first to the trial court’s findings of fact based largely upon evidence not contained in the report, which findings are not reviewable, Perry v. Hanover, supra, Adamaitis v. Metropolitan Life Ins. Co., supra, and second that the report does not contain a fair statement of the evidence produced at the trial. . This appeal is not the time or proper proceeding to establish the report.
See Rule 30 of this court. Report dismissed.