Rollins, J.
This is an action of contract in two counts. The plaintiffs seek in the first count to recover rent in the sum of $18 and in the second count they allege the defendant was their tenant and used the tenement in an improper manner by removing, concealing or otherwise disposing of a large number of screen doors and storm windows.
At the close of the evidence .the plaintiffs filed two requests for ruling, as follows: 1. There is evidence to warrant a finding for the plaintiffs on the first count. 2. There is evidence to warrant a finding for the plaintiffs on the second count.
*236 The trial judge allowed both of these requests, found for the plaintiffs for $18 and made no special findings of fact.
The plaintiffs' contend that the finding of $18 must have been on the first count, that therefore there was no finding on the second count and yet the trial judge allowed the plaintiffs’ request for a ruling that the evidence warranted a finding for the plaintiffs on the second count. The plaintiffs further contend that there was an inconsistency between the allowance of the last mentioned request and the failure to make any finding on the second count.
We believe this contention is sound.
The Report discloses that if any finding is to be made for the plaintiffs for rent under Count 1 it must be in the amount of $18. The rent claimed is. for the month of May, 1943. Prior to about February, 1942 the rent had been established at $18 per month. On the last mentioned date the parties had a talk about reducing the rent for a period of two months to $15 a month. As to exactly what was said at this talk the evidence is conflicting. But there was no-conflict as to the period during which the rent was to be reduced, namely -two months. This, reduction was, by the uncontradicted evidence, actually -made for this period of two months. Accordingly the rent claimed for May, 1943, must have been $18'.
It results from the foregoing that the trial Court made no finding of damages, even nominal, on the second count and yet allowed, without qualification, or any finding of facts, the request for the ruling that ‘ ‘ There is evidence to warrant a finding for the plaintiff on the second Count.” This is inconsistent and constitutes prejudicial error. Perry v. Hanover, 314 Mass. 167, 173, 174.
The Order must be — New trial.