## Western District

### BERTIL ELIAS

v.

### TARMARA POSNICK and WILLIAM GRADY

(January 10, 1962)

*Present:* Riley, P.J., Hobson & Garvey, JJ.

Case tried to *Sloan, J.*, in the District Court of Springfield. No. 157879.

*Garvey, J.* This is an action of tort. The plaintiff, in count 1, (the only count on which the plaintiff now relies) alleged that the defendant Posnick operated a motor vehicle negligently on a public way causing damage to the plaintiff's motor vehicle. The defendant, in his answer, pleaded a general denial and contributory negligence.

The trial judge made a general finding for the defendant. He denied all of the plaintiff's requests for rulings of law and reported the case at the request of the plaintiff who claimed to be aggrieved.

The evidence, as disclosed by the report, shows that on May 19, 1960, the plaintiff's

car was being operated by a gratuitious bailee in an easterly direction on Memorial Bridge, a public way connecting West Springfield and Springfield. The car was stopped for 10 to 15 seconds, fifth in line, west of a red traffic light at the intersection of Columbus Avenue in Springfield, *when it was struck in the rear,* causing damage, by a motor vehicle operated by the defendant Posnick.

Posnick testified she was operating about a car length to the rear of the plaintiff's car. She saw the plaintiff's car coming to a stop but when she applied the foot brakes, "the brakes were not there, they were gone," and that the front of her car struck the rear of the plaintiff's car. The brakes had worked on three occasions immediately prior to the accident.

We are concerned here only with the denial of the plaintiff's requests which reads: "The court is required to find the plaintiff was not negligent in accordance with all of the evidence".

This request, we treat as one which sought a ruling that there was no evidence warranting a finding of contributory negligence and a finding to this effect was required. The report is barren of any evidence offered at the trial to support a finding of contributory negligence.

While the trial judge might well have based his general finding on lack of proof of the defendant's negligence, thereby making the request immaterial or inapplicable, his

failure by special findings or in some other manner to so indicate, makes it uncertain that he adopted correct principles of law for his guidance. *Perry v. Hanover,* 314 Mass. 167, 173-175; *Home Savings Bank v. Savransky,* 307 Mass. 601, 603; *Adamaitis v. Metropolitan Life Ins. Co.,* 295 Mass. 215, 219. Here we cannot determine whether his general finding for the defendant was premised on a finding of no negligence by the defendant or contributory negligence by the plaintiff. He could have granted the request and found as he did. It was error to deny it without some indication that he considered it immaterial. "It would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as matter of fact as the ground for denial of this request, or that the request had become immaterial because of a finding in favor of the defendant on the facts." *Bresnick v. Heath,* 292 Mass. 293, 298. *Liberatore v. Framingham,* 315 Mass. 538, 541-542; *Rummel v. Peters,* 314 Mass. 504, 517-518; *Connell v. Maynard,* 322 Mass. 245, 246; *Ricciardone v. Carvellie,* 334 Mass. 228, 231; *Quality Finance Company v. Hurley,* 337 Mass. 150, 152.

Prejudicial error being found, a new trial is ordered on Count 1.

J. Edward Fitzgerald of Springfield, for the Plaintiff.