*Southern District*

**CLINTON H. COLBETH, JR.**
**v.**
**BETTE RACHLIN**

*Present:* Callan, J. (Presiding) & Kalus, J.

Case tried to *Colton, J.* in the Municipal Court of Brookline. No. 515 of 1961.

*Callan, J.* Action of tort to recover for property damage to the plaintiff's car caused by the alleged negligence of the defendant.

*There was evidence tending to show that* the plaintiff was operating his car at about 9:30 a.m. on Beacon Street in Brookline at a speed of about fifteen to twenty miles per hour towards the intersection of Corey Road. The side of Beacon Street on which the plaintiff was traveling is a one way street divided from the other side for travel in the opposite direction by a street car reservation.

As the plaintiff approached the intersection of Corey Road, he had a green arrow on the

traffic signal control system. He first saw the defendant when her car was about eight feet away in the intersection and when he saw her he applied his brakes. The front part of his car came in contact with the right rear of the defendant's car. His car moved about a foot after the impact. Beacon Street is straight at this point and the intersection is visible for several hundred feet.

The defendant before the accident was proceeding on Beacon Street on the opposite side of the street car reservation in a direction opposite that of the plaintiff. As she came to the intersection of Corey Road, the traffic light on Beacon Street was green. She made a left turn onto Corey Road, crossing both sets of car tracks in the reservation and stopped. The traffic light on Corey Road at this time was red. After looking to her right, and although she could see a considerable distance on Beacon Street, upon seeing no cars coming toward her on Beacon Street and while still facing a red light, she started her car, proceeded to cross Beacon Street and when the front of her car was about to leave the intersection, her car was hit in the rear, she never having seen the plaintiff's car.

The plaintiff filed three requests for rulings as follows, all of which were allowed.

1. There is sufficient evidence to warrant a finding for the plaintiff.

2. The evidence warrants a finding that the defendant in making a left turn on a green light was confronted with a red light and the defendant

in not stopping at this red light was negligent. *Farina Bros., Inc. v. Robinson,* 293 Mass. 269.

3. The evidence warrants a finding that the plaintiff in proceeding on a green light was in the exercise of due care.

The judge found contributory negligence on the plaintiff's part and found for the defendant. Claiming to be aggrieved by the finding for the defendant, the plaintiff requests a report to this Court.

 In allowing the plaintiff's requests for rulings as to the sufficiency of evidence, the judge was not required to find for the plaintiff. *Liberatore v. Framingham,* 315 Mass. 538, 541; *Russell v. First National Stores,* 335 Mass. 768.

 This Court can consider only questions of law, *Loanes v. Gast,* 216 Mass. 197, 199, and not questions involving findings of facts, *Bresnick v. Heath,* 292 Mass. 293, 296; *Adamaitis v. Metropolitan Life Ins. Co.,* 295 Mass. 215, 221; *Perry v. Hanover,* 314 Mass. 167, 169, unless such findings involve errors of law. *Deitrick v. Siegel,* 313 Mass. 612, 613; *Soutier v. Kaplow,* 330 Mass. 448.

 A finding made by the trial judge of contributory negligence will not be disturbed if it can be sustained on any reasonable view of the evidence with all rational inferences of which it is susceptible. *Barttro v. Watertown Square Theatre, Inc.,* 309 Mass. 223, 224.

 Whether a general or ultimate find-

ing based on subsiduary facts is either warranted or required by those facts raises a question of law which may be reported. *Soutier v. Kaplow,* 330 Mass. 448, 450.

The right of the plaintiff to recover depended on proof that the defendant was negligent. This was a question of fact for the trial judge. This right of recovery also depended on whether the plaintiff was free from contributory negligence, the burden being on the defendant to establish the same. G. L. c. 231, §85; *Duggan v. Bay State St. Ry.,* 230 Mass. 370. From all the evidence, we cannot say that the judge was in error in his finding of contributory negligence.

There is no error in the ultimate finding based on the judge's subsidiary finding of contributory negligence and the report is ordered dismissed.

Max S. Ficksman & George B. Rubin both of Boston, for the Plaintiff.