*Southern District*

**STEVEN W. RACKI, ET AL**
**v.**
**PANELIZED HOMES, INC.**

*Present*: Nash, P. J., Kalus & Lee, JJ.

Case tried to ———, *J.* in the Municipal Court of Brookline. No. 617 of 1961.

*Nash, P. J.* The report of the trial judge in this case appears inadequate as a record of the proceedings in the district court to enable us to determine whether there was any prejudicial error.

There is virtually no statement or summary of the evidence adduced at the trial. It fails to state in detail and accurately the rulings given or refused by which the party (plaintiff) claims to be aggrieved. The declaration alleges a written contract, but no copy of the same is annexed or set out.

 ▮ The report is also objectionable as to form. It is unnecessarily encumbered by a verbatim statement of the declaration and the answer (the substance of the pleadings is sufficient). It contains contentions, argumentation and irrelevent matters. It concludes as follows ". . . The plaintiffs, claiming to be aggrieved by the court's ruling, and his contradictory finding, *they* hereby report same to the Appellate Division for determination."

It is the judge who reports the case and not the party. *Perry v. Hanover,* 314 Mass. 167, 168, 169.

While it is the obligation of the aggrieved party to prepare and submit to the trial judge a proper draft report (and the trial judge should disallow a draft report that fails to meet the necessary requirements), nevertheless, it is the ultimate responsibility of the trial judge, since it is his report, and not that of either party that is forwarded to the Appellate Division.

We therefore order, as provided in Rule 28 of the Rules of the District Courts (1952), that the report be recommitted with instructions that it be amended and clarified in accordance with this opinion and in compliance with the rules of the district court. *See Draft Report Model pages 45-46 of said rules.*

Alfred Paul Farese, of Everett, for the Plaintiff.
Dwork & Goodman, of Boston, for the Defendant.