*Western District*

No. 100

## ALMA F. KELLIHER

v.

## PLEASANT VALLEY, INC.

Argued: April 17, 1973 - Decided: May 3, 1973

*Present:* Dudley, P.J., Cimini, Gould, JJ.

Case tried to *DiCicco, J.* in the Central District Court of Worcester, No. 69-T-1179.

**Dudley, J.** This is a remand action of tort

for personal injuries sustained by the plaintiff as the result of the alleged negligence of the defendant in the renting of a Ski-Doo and the maintenance of an area for the use of the Ski-Doo on which she was riding as a passenger at the time when she sustained injuries.

The defendant answered in general denial, contributory negligence and assumption of the risk.

The trial court found for the defendant.

The plaintiff claimed in substance that she was a business invitee of the defendant and that the defendant was negligent in failing to restrict the operation of the Ski-Doo on which she was riding, to a prescribed course which would be reasonably safe for the operation of such a vehicle and in failing to instruct the operator of the Ski-Doo as to its proper and safe operation. She also claimed that the defendant was negligent in failing to warn the plaintiff and the operator of the Ski-Doo of the hazzards attendant upon the operation of a Ski-Doo over the snow covered surface of the golf course and in failing to provide cushions and other safety devices.

It was agreed by both parties that the defendant was engaged in the conduct of the business of renting Ski-Doos (a vehicle designed for operation over snow covered surfaces) for operation upon the snow covered surface of its golf course premises in Sutton, Massachusetts.

The court found that the plaintiff was a business invitee of the defendant at the time of the accident.

*At the trial evidence tended to show that* on February 26, 1967, the plaintiff, Alma F. Kelliher, by arrangement, met the plaintiff Evelyn Rand, at the Pleasant Valley club house for the purpose of renting a Ski-Doo and operating it on the snow covered surface of the golf course.

(The plaintiff, Evelyn Rand, did not file a claim of report and her case is not before us.)

A Ski-Doo was rented by the defendant to the plaintiffs and Evelyn Rand drove the vehicle while the plaintiff, Alma Kelliher rode as a passenger.

The defendant did not give the plaintiffs any instructions, material to the issue, as to where or how to operate the vehicle.

No designated areas for the places to operate Ski-Doos were marked out by the defendant though the defendant had equipment available with which it could have marked out such areas.

Ski-Doos were used pretty generally all over the defendant's premises and marks made by them, without any specific pattern were clearly visible.

The weather was clear and bright.

Both plaintiffs were familiar with the construction of golf courses and were aware that golf courses are constructed with man made hazards to create elevations and depressions as part of golf course design. Both plaintiffs

had been on the course of the defendant on other occasions but were unaware of the specific locations of the various man made hazards on the course.

As the plaintiffs were crossing a level area they suddenly went over a steep drop, coming to a rest in about three feet of snow in one of the man made hazards, namely a sand trap. Each was injured. They claimed that prior to their accident they were going about five to ten miles per hour and that as they crossed the level area, everything was white and it was difficult to distinguish the contour of the terrain. They also claimed that the appearance of the snow camouflaged the elevation and the drop where the accident took place and that they had not been instructed to be on the alert for hazards on the course which might be dangerous.

The trial judge took a view of the area during the course of the trial and before making his decision.

The plaintiff seasonably filed requests for rulings as follows:

"1. The evidence is sufficient to warrant a finding for the plaintiff.

2. The plaintiff was a business invitee on the premises of the defendant at the time of her accident."

The court below denied request #1 and allowed request #2.

In disposing of the plaintiff's requests, the court made the following special findings:

> 1. Treated as immaterial since the court finds as a fact that the vehicle designed for operation over snow covered surfaces, called a Ski-Doo, was operated in a negligent manner by the plaintiff operator, Evelyn Rand; the court finds further as a fact that the aforesaid negligence of the operator of the vehicle was the sole and proximate cause of the injuries sustained by the plaintiff, Alma F. Kelliher."

We find no prejudicial error.

A judge sitting without a jury performs a dual function. He is both a judge of law and a trier of facts. He must adopt correct rules of law for his guidance and find the facts as guided by these rules.

And upon proper requests therefor he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved. *Adamitis* v. *Metropolitan Life Ins. Co.*, 295 Mass. 215, 219; *Memishian* v. *Phipps*, 311 Mass. 521, 522, 523; *Perry* v. *Hanover*, 314 Mass. 167, 173.

This principle is applicable to the question of law whether the evidence warranted a finding. *Perry* v. *Hanover*, 314 Mass. 167.

Upon a proper request for a ruling on this question, a judge is bound to rule thereon

unless his special finding or findings render such a ruling immaterial. *Bresnick* v. *Heath,* 292 Mass. 293, 298; *Hurley* v. *Ornstein,* 311 Mass. 477, 480.

The purpose of such a ruling or of such a special finding or special findings is to show whether the general finding is vitiated by error of law. *Perry* v. *Hanover,* supra, 314 Mass. 167.

It does not follow, however, that every request predicated upon the sufficiency of the evidence to warrant a particular finding or conclusion requires action by the judge. To require judicial answer it must relate to a fact or factual aspect of the case that is dispositive or decisive of an issue in the case. *Barnes* v. *Berkshire St. R. R.,* 281 Mass. 47, 50, 53. *Stella* v. *Curtis,* 348 Mass. 458, 462.

The findings of fact by the trial judge, brings before the Appellate Division the question of law whether or not the evidence warranted the ultimate finding. *Sullivan* v. *Aussebel,* 39 Mass. App. Dec. 222, 227.

A request, predicated upon the sufficiency of the evidence to warrant a finding which is decisive of an issue in the case is a proper, pertinent or relevant request for a ruling of law and not a finding of fact, and must be passed on by the judge. The denial of such request, raises a question of law. *Bresnick* v. *Heath,* 292 Mass. 293; *Hurley* v. *Ornstein,* 311 Mass. 477, 480; *Stella* v. *Curtis,* 348 Mass. 458, 461.

Although a finding of fact is not a proper subject of a report, the issue whether a general or ultimate finding based on subsidiary facts is either warranted or required by those facts raises a question of law which may be reported. *Soutier* v. *Kaplow,* 330 Mass. 448, 450; *Leschevsky* v. *American Employers,* 293 Mass. 164, 167.

The case of the defendant rests upon her showing that her injuries were caused by the negligence of the defendant or someone for whose acts the defendant is responsible.

 It is elementary that the burden of proof rests upon the plaintiff.

The question of negligence is ordinarily a question of fact. *Hanna* v. *Shaw,* 244 Mass. 57, 60.

It is rarely that a finding of fact can be required as a matter of right. Commonly it must be determined as a matter of fact upon a consideration of all of the evidence. We find that the case at bar falls within the general rule. *McDonough* v. *Metropolitan Life Ins. Co.,* 288 Mass. 450, 452; *Castano* v. *Leone,* 278 Mass. 429 and cases cited.

The finding as a fact that the negligence of Evelyn Rand was the sole and proximate cause of the injury to the plaintiff cannot be pronounced unsupported by the evidence and must be accepted as final. The Appellate Division cannot review findings of fact except as they

involve questions of law. *Loanes* v. *Gast*, 216 Mass. 197, 199.

The denial of a request that a certain finding is warranted is tantamount to a ruling that the other party is entitled to a finding as a matter of law and is usually fatal. However, this may be cured by the judge making special findings showing that the judge found rather than ruled against the requesting party. *Hoffman* v. *Chelsea*, 315 Mass. 54, 56.

In the case at bar the trial judge specifically states in the special findings that the sole and proximate cause of the plaintiff's injuries was the negligence of Evelyn Rand for whose actions the defendant was not responsible.

In effect the trial judge found as a fact that the defendant was not guilty of negligence. Thus, the record shows that the ultimate decision of the trial judge was based on findings of fact rather than on an erroneus view of the law. *Perry* v. *Hanover*, 314 Mass. 167, 175 and cases cited.

We find that the evidence, which included a view by the trial judge, justified his findings and ruling.

The denial of the plaintiff's request #1 was immaterial and harmless in view of the trial judge's finding as a fact that there was no negligence on the part of the defendant.

The special finding of fact as to negligence, permissible on the evidence, rendered immaterial a ruling of law as to the sufficiency of

the evidence to warrant a contrary finding and justified the denial of the request. *Perry* v. *Hanover*, 314 Mass. 167, 175.

Finding no prejudicial error on the part of the trial judge, the report is dismissed.

GRIFFIN & WALL,
Attorneys for Plaintiff
CEATY, CEATY, MACCARTHY & DONNELLY,
Attorneys for Defendant