MINNIE E. MANSFIELD *vs.* CLINTON W. SPEAR.

Middlesex.     April 9, 1943. — April 26, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Practice, Civil*, Requests, rulings and instructions. *Snow and Ice. Negligence*, One owning or controlling real estate, Snow and ice.

In an action for negligence heard by a judge without a jury, where there was evidence which, if believed, warranted a finding of negligence of the defendant, it was reversible error for the judge to refuse a request by the plaintiff for a ruling that "in point of law" such a finding was "warranted" and to find for the defendant without making specific findings or indicating on what ground the request was refused.

Evidence warranted a finding of negligence of the defendant toward the plaintiff, a business invitee on his premises, who, as he was leaving the defendant's office in the morning, fell on ice which for three and one half hours had been on the ground outside the office in plain view of the employee of the defendant charged with the duty of sanding ice.

TORT. Writ in the First District Court of Eastern Middlesex dated August 12, 1940.

Upon removal to the Superior Court, the action was heard without a jury by *Swift*, J., upon the report of an auditor and other evidence. The auditor, among other findings, found that the plaintiff's fall was at 8:30 A.M. The judge found for the defendant without making any specific findings, and refused the plaintiff's fourth request for a ruling without indicating the ground of the refusal. The plaintiff alleged exceptions.

*G. M. Poland & E. D. Sharkey*, for the plaintiff, submitted a brief.

*R. W. Cornell*, for the defendant.

LUMMUS, J. This is an action of tort for alleged negligence causing personal injuries. There was evidence of the following facts. The plaintiff, a woman of seventy-seven years, was a retail customer of the defendant, who was a milk dealer. On January 4, 1940, the defendant failed to deliver a bottle of milk at the plaintiff's house, so she decided to go to the defendant's place of business to get it. She walked to the place, wearing rubbers, and went into the defendant's yard toward his office. As she got near the office door the approach was icy and she thought that she must be careful. She passed over the ice in safety, but found no one in the office. As she left the office, she took one step, slipped and fell, and was hurt. There was rough ice in front of the door where she fell. The plaintiff testified that "she saw dirty ice on the concrete directly in front of the door, there was no sand on it, only dust that was in the air," and that there was ice "all over the place." The plaintiff's daughter testified that the plaintiff said to her shortly after the accident, pointing to the entrance, "You see there is plenty of sand there now, but there wasn't any when I fell." The defendant, who was present, said, "I don't know why they didn't sand this morning, they should have." A truck driver who visited the defendant's premises about two hours before the accident testified that there was ice, not covered with sand, immediately in front of the door to the defendant's office, and that he noticed ice "all over the place." There was evidence that the ice on the driveway "was rough and broken where the trucks had cut it up." "An employee of the defendant testified that he reached the defendant's premises at five A.M. and that his first job was sanding."

An auditor, whose findings of fact were not final, found that the plaintiff was a business invitee, that he was "unable to find upon the evidence . . . the cause of the plaintiff's fall," that the defendant sanded the premises on the morning of the accident, and that he was not negligent. A judge heard the case on the auditor's report, and other testimony, and found for the defendant. He refused the plaintiff's fourth request, subject to her exception. That

request was: "In point of law, a finding for the plaintiff upon the issue of the defendant's negligence is warranted."

If the evidence did warrant a finding that the defendant was negligent, the denial of that request was error, because it deprived the plaintiff of the right to have the evidence considered upon the question of fact. *Bresnick* v. *Heath,* 292 Mass. 293, 298, 299. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455. *Marquis* v. *Messier,* 303 Mass. 553, 555, 556. *Home Savings Bank* v. *Savransky,* 307 Mass. 601, 603, 604. *Bern* v. *Boston Consolidated Gas Co.* 310 Mass. 651, 653, 654. It is conceded that the plaintiff was a business invitee, and that due notice of the injury was given under G. L. (Ter. Ed.) c. 84, § 21. In our opinion there was evidence of the negligence of the defendant. It could have been found that the ice was in plain view for sufficient time to enable the defendant and his servants, in the exercise of reasonable care, to make it safe. *Watkins* v. *Goodall,* 138 Mass. 533. *Frost* v. *McCarthy,* 200 Mass. 445. *Erickson* v. *Buckley,* 230 Mass. 467. *Allan* v. *Essanee, Inc.* 309 Mass. 1.

*Exceptions sustained.*