Pettingell, P. J.
Action of contract to recover on an insurance policy under the accidental death benefit provisions contained in each of two policies and reading as follows:
“Industrial Policy Accidental Death Benefit. Upon receipt of due proof that the Insured, after attaining age 15 and prior to attaining age 70 has sustained, after the date of this Policy bodily injuries, solely through external, violent and accidental means, resulting, directly and independently of all other causes, in the death of the Insured within ninety days from the date of such bodily injuries while this Policy is in force, and while premiums are not in default beyond the grace period specified in this Policy the Company will pay in addition to any other sums due under this Policy and subject to the provisions of this Policy an Accidental Death Benefit equal to the face amount of insurance then payable at death, except that if such bodily injuries are sustained by the Insured while employed in or on the premises of any open pit or underground mine, or are sustained by the Insured while *250 on or about the premises or right of way of any railroad company while the Insured is following the occupation of gang, track, or roadway laborer, track walker, yard, freight or mixed train brake-man or flagman, then the Accidental Death Benefit shall be only one-half of the face amount of insurance then payable at death. In any case, the amount of the Accidental Death Benefit shall be reduced by the amount of any Disability Benefit which has become payable under this Policy on account of the same injuries as- resulted in death.
No Accidental Death Benefit will be paid if the death of the Insured is the result of self-destruction, whether sane or insane nor if dea|h is caused or contributed to, directly-or indirectly, or wholly or partially, by disease, or by bodily or mental infirmity, nor if death results from bodily injuries sustained while participating in aviation aeronautics, or while the insured is in military or naval -service in time of war.
In the case of Endowment policies providing a Conditional Option of Free Whole Life Insurance at the time of maturity as an endowment, the Accidental Death Benefit will not be included in any Free Whole Life Policy issued pursuant to such Option.
The Accidental Death Benefit is granted without specific extra premium being charged therefor, the cost being included in the premium for this Policy.”
The defendant’s answer is a general denial and a plea that the beneficiary’s death was caused or contributed to by disease or bodily infirmity.
The defendant offered no evidence and filed no requests for rulings-. The plaintiff requested the trial judge to make the following ruling.
“That the evidence submitted by the plaintiff is sufficient to support a finding for the plaintiff.”
The trial judge denied this request. He made no findings of fact. There was a finding for the defendant. The plaintiff, claiming to be aggrieved by the denial of his requests duly claimed a report.
*251 The sole issue is whether the denial of the plaintiff’s request was prejudicial error; the defendant in defence of the denial makes two contentions, that the plaintiff’s evidence was insufficient as matter of law to support a finding for the plaintiff and that the plaintiff’s request was not a proper one to raise an issue of law, its denial being without error because of its imperfect form.
There was evidence that on November 12,1939, the plaintiff’s intestate, a small frail woman, born in 1872, totally blind, but able to do her housework, was getting into bed after going to the bathroom, when an automobile struck her house directly under her bedroom. By the force of the impact she was thrown against a bureau, receiving an injury to her chest over the heart region causing a contusion on her left side. The doctor who attended her testified that she was in shock, complained of severe pain in her left chest, that she died December 21, 1939, and that in his opinion the accident was a direct cause of her death.
On cross examination he testified that she had heart disease, that the blow she had received aggravated her heart condition and accelerated her death; that she had an arteriosclerotic condition prior to the accident; that he filed a certificate of death in which he gave the “The principal cause of her death and related causes of importance in order of onset, as Arteriosclerosis, Heart Disease, Chronic Inanition, and the contributory causes of importance but not related to principal cause is Traumatism, Contused Chest Wall.”
The statement of another doctor who examined the insured 'before her death, admitted by agreement, was to the effect that he found her to be suffering from a nervous shook; that she had a heart which was irregular but that no decompensation was apparent and it might possibly be a condition which she had had a long time; that he did not *252 believe that the heart had anything to do with the accident. A heart .specialist testified that the heart condition prior to the accident was not sufficient to cause death, that the injury to the chest plus fright could produce occlusion of one of the branches of the coronary arteries which nourish the heart,'and then could produce the irregularity that she had, resulting in death; that the cause of the woman’s, illness was a direct consequence of the accident and the result of injury to her heart and ending in her death. He testified on cross examination that arteriosclerosis is a disease when occurring in young people but is pathological in older people; that she had no more heart condition than a person of her age was entitled to have.
He finally gave as his opinion that she suffered a heart attack from which she never rallied and that his opinion was “was based on the cause to death”.
There was evidence admitted by agreement that the insured was medically examined in 1931 and again in 1932, and that on these occasions no heart condition was found.
The use of a request such as was requested in this caise to call the attention of the trial judge to the sufficiency of the evidence to warrant a finding for the party making the request is well established in our practice. “A party has the right to ask the court to rule upon the legal effect of evidence.” Brightman v. Eddy, 97 Mass. 478, at 481. Denny v. Williams, 5 Allen 1, at 4. “The practice in this 'Commonwealth and generally requires- a submission to the jury if there is evidence for their consideration, even though the preponderance may appear so great to the trial judge as to require him (if requested) to set -aside one or several verdicts rendered against such preponderance.” Niland v. Boston Elevated Railway, 208 Mass. 476, 478. Warner v. Fuller, 245 Mass. 520, 529. Hicks v. H. B. Church Truck Service Co., 259 Mass. 272 at 276. Salem Trust Co. v. Deery, 289 Mass. 431, at 433.
*253 In the case at bar the plaintiff could not recover unless he proved that the death of his intestate resulted “solely through external violent and accidental means, resulting, directly 'and1 independently of all other causes, in the death of the Insured”. The apparent defence is that the insured suffered, also, from heart disease, arteriosclerosis, and chronic inanition and that the accident was only a contributory cause. The issue before us is not whether there was evidence of these illnesses; there was. The plaintiff says, however, that there was, also, evidence that the accident was the sole and independent cause of death and that the other diseases or illnesses testified to did not exist or, if they did, were not even contributory causes.
In the present ease the trial judge, by the denial of the plaintiff’s requested ruling, has said in effect that there is no evidence for him to pass upon which is sufficient to support a finding for the plaintiff; in other words he has ruled that as matter of law the plaintiff cannot recover on the evidence offered.
“Yet the plaintiff in such a suit has the right to have his alleged cause of action determined by a jury if upon any reasonable view of the conflicting evidence it can fairly be found as a fact that he was hurt while in the exercise of due care and by the defendant’s fault. ... On the present case, therefore, the question for us is whether upon any fair view of the reported evidence there might have been a finding for the plaintiff. Aiken v. Holyoke Street Railway Co., 180 Mass. 8, at 11, 12.”
“The denial of request 7 (There is evidence to warrant the court to find for the plaintiff) involved a ruling as matter of law that there was no evidence to warrant recovery by the plaintiff. It was equivalent to a ruling as matter of law either that the defendant was not negligent or that the sole cause of damage to the plaintiff was the negligence of the bailee of his automobile. The request was not a request that as matter *254 of law the plaintiff was entitled to recover. The denial of this request was error. The record is not fairly susceptible of the construction that this request was denied because rendered -immaterial by -findings of fact made by the trial judge. No findings of fact are recited. It would have been simple for the trial judge to have made a statement that the defendant was found free of negligence as matter of fact as the ground for denial of this request, or that the request had become immaterial because of a finding in favor of the defendant on the facts . . . That course was not pursued. It cannot be said that this was- harmful error . . ., The plaintiff was seeking a ruling that there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or a statement of findings of fact showing that the requested ruling had become irrelevant ... A finding on the facts in favor of the defendant was supportable on the evidence . . . But the record does not show that the ultimate decision may not have been due to the erroneous view of law of the trial judge expressed by his denial of request 7. That is an error which the court cannot correct except by reversing the decision. This court cannot find facts in an action of law, even though the evidence is reported . . . The ease must be tried again.” Bresnick v. Heath, 292 Mass. 293, at 298, 299.
In Mansfield v. Spear, 313 Mass. 685, in an action of. tort, the trial judge denied a request made by the plaintiff, for a ruling that, “In point of law, a finding for the plaintiff upon the issue of the defendant’s negligence is warranted.” The Supreme Judicial Court said, at page 687,
“If the evidence did warrant a finding that the defendant was negligent, the denial of that request was error, because it deprived the plaintiff of the right to have the evidence considered upon the question of fact.”
The defendant criticizes the form of the plaintiff’s request. It asks the trial judge to rule that the evidence submitted by the plaintiff (which was the only evidence before *255 the court) was sufficient to support a finding for the plaintiff. The request in Bresnick v. Heath, supra, was that “There is evidence to warrant the court to find for the plaintiff”. In Mansfield, v. Spear, supra, the request was “In point of law, a finding for the plaintiff upon the issue of the defendant’s negligence is warranted.” In the request in this case the issue stated is the “sufficiency” of the evidence to warrant, or as here, to “support” a finding for the plaintiff. The request, referring to the evidence, uses the Words “sufficiency” and “support”. The requests in Bresnick v. Heath, supra, and Mansfield v. Spear, supra, are each based upon the “sufficiency” of the evidence to “warrant” a particular finding. Evidence sufficient to “support” a finding means “substantial evidence .such as a reasonable mind might accept as adequate to support a conclusion.” Jordan Marsh Company v. Labor Relations Commission, Mass. Adv. Sh. (1944) 1263, at 1271. There is no fundamental difference in the meaning of the two words.
The .Supreme Judicial Court has recently passed upon this situation as follows,
“A judge sitting, as in these cases, without a jury, performs a dual function. He is both a judge of the law and a trier of fact. ‘He must adopt correct principles of law for his guidance and find the fact as guided by these rules. And upon proper requests therefor he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved’ Adamaitis v. Metropolitan Life Ins. Co., 295 Mass. 215, 219. Sreda v. Kessel, 310 Mass. 588, 589. Memishian v. Phipps, 311 Mass. 521, 522-533. This principle is applicable to the question whether the evidence warranted a finding. Upon a proper request for a ruling on this' question, a judge is bound to rule thereon unless his special finding as findings render .such ruling immaterial. Bresnick v. Heath, 292 Mass. 293, 298. Hurley v. Ornstein, *256 311 Mass. 479, 480. The purpose of such a ruling or such a special finding is to show whether the general •finding is vitiated by error of law.” Perry v. Hanover, 314 Mass. 167, at 173, 174.
In our opinion the plaintiff’s request properly raised an issue of law, and there was sufficient evidence before him ■to require him, as the trier of fact, to pass upon the pertinent evidence. The question of its sufficiency being properly before him it was prejudicial error for him to rule that it would not support a finding for the plaintiff.
Allowance of the request did not require a finding for the •plaintiff. It meant simply that consideration of the evidence was the next duty of the trial judge. He could not pass upon the evidence, its credibility and the effect to be given the inferences to be drawn from it, Memishian v. Phipps, 311 Mass. 521, at 522, unless he recognized the existence of evidence, sufficient to be considered. This he did not do. He denied the request and found for the defendant. In effect, he ruled as law that the plaintiff could not recover, and shut off all further consideration of his evidence.
He could have given the request, considered the evidence, and then found such facts as in his opinion the evidence warranted. The allowance of the plaintiff’s request had no controlling effect. On the question of credibility, or for any other proper reason, he could have found for the defendant. First National Bank v. Sheridan, 285 Mass. 338, at 339. Topjian v. Boston Casing Co., 288 Mass. 167, at 168.
In our opinion the denial of the request was prejudicial error. There was testimony by Dr. Oovner to the effect that regardless of what frailties or infirmities the intestate had, the cause of death was entirely the result of the blow in the chest that she received; that nothing else contributed thereto. An insured person may have infirmities-, in this *257 case the plaintiff was blind, but the presence of infirmities is immaterial if they are not contributory causes of death. Bohaker v. Travellers Ins. Co., 215 Mass. 32, at 34, 35. Kramer v. New York Life Ins. Co., 293 Mass. 440, at 444-446.
There being prejudicial error, the finding for the defendant is to be vacated and the case is to stand for a new trial.