Pettingele, P. J.
Action to recover for use and occupation from a tenant at sufferance.
There was evidence that the plaintiff had occnpied the premises in question as a part of a larger estate under a written lease and that the defendant had occupied the second floor of the premises under a written lease from the plaintiff’s predecessor in title, beginning in April, 1940. This latter lease called for a rental of $200.00 a month and provided that if the game of Beano was “outlawed” by the authorities, the defendant, using the premises for that purpose, could terminate the lease. In June, 1942, the game was “outlawed” and until the plaintiff took title December 31, 1943, the defendant paid $15.00 monthly to the former owner for use of the premises “for storage purposes only”. There was evidence that the plaintiff knew that at the time she bought the property the defendant was *144 paying $15.00 monthly and was using the property for storage purposes only.
The defendant continued to occupy the premises as a tenant at sufferance until April 15, or 16, 1944.
The parties never discussed or agreed upon any terms of rental or occupancy.
The answer is a general denial and a plea of payment.
The plaintiff filed nine requests.for rulings of which the trial judge gave all but the following:
“9. The testimony of the plaintiff that $100.00 monthly is a reasonable rent, and the testimony of the witness, Elmer Fall, that $150.00' per month is a reasonable rent, being the only evidence in the case on this point would warrant a finding that the reasonable rent of the premises is $100.00 per month for the time the defendant occupied or detained the same.”
He found for the plaintiff in the amount of $75.00.
The request denied clearly contains a misstatement of fact as worded, for there was definitely other evidence than is stated in the request for there was evidence that the premises in question were let for $15.00 monthly “for storage purposes only” just immediately prior to the period preceding the one for which, the plaintiff is trying to collect rent. The plaintiff is trying, however, only to point out to the court that, on the evidence cited, the court would be warranted in finding that $100.00 a month for the period from Dec. 31, 1943 until mid-April 1944 could have been found to he a reasonable rent. It cites two bits of evidence which it relies upon as determinative of the reasonableness of the rent for the period in suit which it says would “warrant” the court in such a finding.
As the evidence stated in the request is the only evidence in the case sustaining the plaintiff’s claim, the misstatement is more technical than substantial.
*145 Ordinarily the denial of such a request is equivalent to a ruling as matter of law that there was no evidence to warrant recovery by the plaintiff. Bresnick vs. Heath, 292 Mass. 293, at 298. Its denial where there is such evidence is prejudicial error because it deprives the plaintiff of the right to have the evidence considered upon the question of fact. Mansfield vs. Spear, 313 Mass. 685, at 687.
The first question actually before us is whether the statement in the request denominating the evidence cited as “the only evidence in the case” permitted the court, because of the misstatement of fact, to ignore the request.
We are of opinion, however, that the request should be treated as if the request read: “There is evidence in the case which would warrant the court in finding for the plaintiff”.
The next question is whether there was error in the denial of the request. We are of opinion that there was.
“The ruling requested correctly stated the law applicable to one possible, indeed probable, view of the evidence. It does not appear that it was refused upon the ground that it was immaterial upon the facts found by the court”. Chandler vs. Baker, 191 Mass. 579, at 585. No finding of fact was made in the case at bar. The refusal to give the ruling, therefore, was error. Kaufman vs. Sydeman. 251 Mass. 210, at 217. Rooney vs. Porter-Milton Ice Co., 275 Mass. 254, at 257. Rodde vs. Nolan, 281 Mass. 493, at 497. Commercial Credit Corp. vs. Flowers, 282 Mass. 316, at 321, 322.
The finding for the plaintiff for $75.00 is to be vacated and the case is to stand for a new trial, limited to the amount of damages.