SANDRA YANOWITZ & another *vs.* SIDNEY AUGENSTERN
& another.

Suffolk.    December 4, 1961. — January 26, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& SPIEGEL, JJ.

*Negligence,* Snow and ice, Store. *Snow and Ice. Evidence,* Conflicting
statements of witness, Evidence binding a party.

Evidence that when a customer of a store fell and was injured one clear
evening on an entranceway sloping down to a sidewalk from a door of
the store there was "ice, snow and slush" on the entranceway left from a
heavy snow storm of the previous day which had lasted until the early
morning of the day of the fall warranted a finding of negligence on the
part of the one in control of the entranceway toward the customer.
[514]

At the trial of an action to recover for personal injuries sustained in a
fall in the entranceway of a store caused by snow and ice, where the
plaintiff testified that the fall occurred on a certain day on which there
was a heavy snow storm, and also that it occurred on the following day,
long after the storm was over, the plaintiff was not bound by her testi-
mony that the fall occurred on the earlier day where she had insisted
that when she fell it was not snowing and, upon being finally asked
whether she "wanted it left" that the fall occurred on the earlier day,
had answered "No." [514–515]

TORT.    Writ in the Superior Court dated February 19,
1959.

The action was tried before *Goldberg,* J.

*Sturtevant Burr,* for the defendant.

*Daniel F. Featherston, Jr.,* for the plaintiffs.

WILLIAMS, J.    This is an action of tort by Sandra Yano-
witz, a minor, hereinafter called the plaintiff, to recover for
personal injuries and by her father, Philip Yanowitz, to re-
cover consequential damages resulting from the plaintiff
falling in a recessed "entranceway" of a store at 150 Hunt-
ington Avenue, Boston, on January 8, 1957.    The defend-
ant Augenstern concedes that he was in control of the area
where the plaintiff fell.    There was evidence that the plain-

tiff, a young woman of eighteen, had been in the store to make a purchase and on leaving noticed "ice, snow and slush" on the inclined area which "sloped" down from the door to the sidewalk. She took about two steps from the door and fell. It was about 9:30 P.M., January 8, 1957. It had snowed heavily on January 7 and until the early morning of January 8 but on the evening of January 8 it was clear. Augenstern testified that "he keeps the inclined entranceway shovelled and clear as it is part of the property he leases but that he has no recollection of any clearing or shovelling or maintenance of the entrance on the date of the accident." At the conclusion of the evidence the plaintiff "discontinued" all counts of the declaration against Vernhunt, Inc., a codefendant, which was the lessor of the store. She also "discontinued" all but counts 1 and 9 against Augenstern. Count 1 alleged negligence on the part of Augenstern by unreasonably permitting snow and ice to accumulate and remain in the entrance. A verdict was directed for Augenstern on count 9 in which the consequential damages of the plaintiff's father were alleged. A motion by Augenstern for a directed verdict on count 1 was denied subject to Augenstern's exception and the jury returned a verdict on that count for the plaintiff.

Augenstern's exceptions must be overruled. No citation of authority is required to demonstrate that the plaintiff's alleged contributory negligence was a question for the jury. The evidence warranted findings that the snow and slush on the sloping area created a condition dangerous to one entering or leaving the store, that it resulted from the storm of the previous day and that it had remained there a sufficient length of time for Augenstern to have known of it and in the exercise of reasonable care to have removed it. *Lanagan* v. *Jordan Marsh Co.* 324 Mass. 540, 541. *Willett* v. *Pilotte,* 329 Mass. 610, 613. *Thornton* v. *First Natl. Stores, Inc.* 340 Mass. 222, 225. In her testimony the plaintiff made different statements as to the date of her fall. She said at one time it was on January 7 and at another time on January 8. Augenstern argues that she finally settled on

January 7, in which case, he contends that, according to the weather report in evidence, it would have been in the midst of a snow storm and he would not have been guilty of negligence. We think her evidence does not bear out Augenstern's contention and make applicable the rule of *Sullivan* v. *Boston Elev. Ry.* 224 Mass. 405, 406. The plaintiff insisted that when she fell it was not snowing and when finally asked on recross-examination whether she "wanted it left" that the accident happened on January 7 answered "No."

*Exceptions overruled.*