Brassard, J.
Frank Swercewski (“Swercewski”) and his wife Cecilia Swercewski brought this action against-Stop & Shop Companies, Inc. (“Stop & Shop”) on July 29, 1993 for injuries sustained by Swercewski when he slipped and fell on ice exiting Stop & Shop after a snow storm. Stop & Shop now moves for summaryjudgment on the theory that it owed Swercewski no duty because Swercewski fell in the parking lot of the store and maintenance of the parking lot was the responsibility of the Stop & Shop’s landlord and not Stop & Shop. Additionally, Stop & Shop moves for summaryjudgment on the grounds that the ice on which Swercewski slipped was a natural accumulation for which Stop & Shop owed Swercewski no duly to treat, remove or warn. For the following reasons, Stop & Shop’s motion for summary judgment is DENIED.
BACKGROUND
Swercewski, an eighty-year-old man, slipped outside the Stop & Shop located in Timpany Plaza, Gardner, Massachusetts at approximately 9:15 a.m. on January 10, 1992. On January 9, 1992 the weather conditions were a combination of snow, sleet and freezing rain. The precipitation stopped during the night of the 9th or early morning hours of the 10th of January.
Swercewski fell just outside the exit to Stop & Shop. The exact location of Swercewski’s fall is disputed. Stop & Shop maintains that it occurred a step or two into the parking lot adjacent to Stop & Shop. Swercewski maintains that it occurred on the edge of the parking lot, but not in the parking lot.
The Stop & Shop facilities in Timpany Plaza are leased from New England Realty Associates. Under the lease, New England Realty Associates bears the responsibility for maintaining the parking lot of the shopping center.
There is evidence that at the time of Swercewski’s fall the parking lot and the entrance area to Stop & Shop were covered with solidly frozen ice. These areas had not been plowed, shoveled or sanded. The ice in the parking lot was chopped up by the tires of automobiles entering and exiting Stop & Shop. The ice on which Swercewski fell had been “chewed up” by foot traffic and shopping carts wheeled in and out of Stop & Shop.
DISCUSSION
This court grants summaryjudgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving parly to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Penderson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Summary judgment is appropriate if there is no real dispute as to the salient facts or if only a question of law is involved. Cassesso, 390 Mass. at 422.
A. Maintenance Responsibility
It is not clear from the summaryjudgment record whether Swercewski fell in the parking lot or in an area for which Stop & Shop bore the responsibility of maintenance. There is sufficient evidence in the summaryjudgment record to support either conclusion. However, even if, as Stop & Shop alleges, Swercewski fell in an area for which the landlord retained the responsibility of maintenance, Stop & Shop still owed Swercewski a duty of reasonable care. See Mounsey v. Ellard, 363 Mass. 693, 707-08 (1973); Hopkins v. F.W. Woolworth, Co., 11 Mass.App.Ct. 703 (1981).
In Hopkins, the Appeals Court noted, “More recent cases have deemphasized control as the all-decisive determinant and have focussed the inquiry on whether the defendant owed a duty of care to the plaintiff. So, while a reservation of control will subject a landlord to liability, the tenant is not thereby automatically relieved of duty or liabiliiy to his invitees if that tenant is aware of the unsafe condition.” Hopkins 11 Mass.App.Ct. at 705.
In Hopkins, the plaintiff fell in front of Woolworth’s on the sidewalk which was in a state of disrepair. *560 Woolworth’s moved for summary judgment on the grounds that the landlord, owner of the shopping center, bore the responsibility for repairing the sidewalk. The Appeals Court held that summary judgment was not appropriate because the landlord’s control did not relieve the tenant of all responsibility to the plaintiff. The court noted that the assumption that a tenant has no control over an area for which the landlord retains the responsibility of maintenance may be misplaced at shopping centers where facilities are shared and responsibilities usually overlap. The court held that this is particularly true where the site of the accident is close to the tenant’s premises. Hopkins, 11 Mass.App.Ct. at 705 (distinguishing Underhill v. Shactman, 337 Mass. 730 (1958)).
The facts of this case are similar to those in Hopkins. Swercewski fell on ice either on or just outside the area for which Stop & Shop bore the responsibility of maintenance under its lease. Stop & Shop should not be relieved of responsibility to its business invitees by the technical delegation of maintenance duties to the landlord, owner of the shopping mall. The allocation of maintenance responsibility in the lease between the landlord and Stop & Shop “is a matter between the Landlord and [Stop & Shop], but does not bind the plaintiff]], who w[as] not a party to the lease.” Hopkins, 11 Mass.App.Ct. at 707.
B. Unnatural Accumulation
In Sullivan v. Brookline, the Supreme Judicial Court stated that landowners may be held liable for ice and snow on their property only if the ice and snow is an “unnatural accumulation.” Ice and snow which naturally accumulates can become an unnatural accumulation due to the passage of time. Sullivan, 416 Mass. at 829 n. 3; Yanowitz v. Augenstern, 343 Mass. 513, 514 (1962) (ice left several hours became unnatural); Willett v. Pilotte, 329 Mass 610, 613 (1953) (hard packed ice with ruts indicated ice was unnatural due to the passage of time); Mansfield v. Spear, 313 Mass. 685, 687 (1943) (fact that nearby ice in parking lot was broken up by traffic indicated ice at entrance way had been present long enough to be unnatural).
A natural accumulation of ice and snow can also become unnatural when changed by the foreseeable traffic on the land. See Sullivan, 416 Mass at 828 n. 2; Delano v. Garrettson-Ellis Lumber Co., 361 Mass. 500, 501 (1972) (muddy ice with tire marks and ruts unnatural); Thornton v. First Nat’l Stores, Inc., 340 Mass. 222, 224 (1960) (thick ice frozen solid to steps and “potted” by foot traffic unnatural); Phipps v. Aptucxet Post #5988 v. F.W. Bldg. Ass’n, Inc., 7 Mass.App.Ct. 928, 929 (1979) (ice with footprints and tire tracks unnatural).
The facts are in dispute as to whether the ice on which Swercewski fell was an unnatural accumulation of ice and snow. The ice may have been present long enough such that the passage of time changed its character from natural to unnatural. See Yanowitz, 343 Mass. at 514; Willett, 329 Mass. at 613; Mansfield, 313 Mass. at 687. The snow storm which caused the ice to form had stopped sometime before the plaintiff fell. Stop & Shop was open for business continuously throughout the snow storm and in the hours after the snow storm preceding Swercewski’s fall. See Yanowitz v. Augenstern, 343 Mass. 513, 514 (1962) (ice left several hours became unnatural). Additionally, there is evidence that the ice on which Swercewski fell was frozen solid and nearby ice in the parking lot was chopped up by the tires of automobiles entering and exiting the lot. This may indicate that the ice had been there for a substantial amount of time. See Mansfield, 313 Mass. at 687 (fact that nearby ice in parking lot was broken up by traffic indicated solid ice at entrance way had become unnatural due to the passage of time).
Furthermore, customer traffic in and out of Stop & Shop before Swercewski’s fall may have changed the character of the ice on which he fell to an unnatural accumulation. See Phipps, 7 Mass.App.Ct. at 929 (1979). Swercewski’s affidavit maintains that he slipped on ice that had been chewed up by foot traffic and shopping carts wheeled through the entrance area. Id.
Because the ice on which Swercewski slipped and fell may have been an unnatural accumulation due to both the passage of time and customer traffic through the area, summary judgment is not appropriate.
ORDER
It is ORDERED that defendant’s motion for summary judgment be DENIED.

Hamilton Realty Company, Roger Dines, d/b/a/ Dines and Sons, Ray Bourgeois, and Bourgeois Construction.